THE MISSOURI PACIFIC RAILWAY COMPANY V. CHARLES H. GOODRICH, *as Administrator of the estate of William Olson, deceased.*

1. DEMURRER, *Sustained; New Trial.* Where a demurrer to the evidence is sustained, it is proper practice for the trial court to entertain a motion by the defeated party for a new trial.

2. NEW TRIAL, *When Granted.* Where a demurrer to the evidence of the plaintiff is erroneously sustained, and the plaintiff files a motion for a new trial, the court should grant the same.

*Error from Atchison District Court.*

THE opinion states the case.

*B. P. Waggener,* for plaintiff in error.

*Lewis C. Sceva,* and *Tomlinson & Eaton,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Charles H. Goodrich, as administrator of the estate of William Olson, deceased, against the Missouri Pacific Railway Company, to recover for personal injuries received by Olson, and alleged to have been caused by the negligence of the railway company. A trial was had before the court and a jury, at the February term, 1886. After the plaintiff had introduced all his evidence, and rested, the defendant demurred to the evidence upon the ground that it did not prove any cause of action; and the court below sustained the demurrer. Afterward, and within proper time, the plaintiff filed a motion for a new trial, upon various grounds, which motion the court below sustained and granted the new trial asked for; and this is the only ruling of which the plaintiff in error, defendant below, now complains.

The plaintiff in error, defendant below, presents to this court two alleged errors, to wit:

"1. The court below had no power to entertain a motion for a new trial after it had sustained a demurrer to the evidence,

and entered judgment. There is no authority given in the statute for such a proceeding.

" 2. The court below erred in sustaining the motion for a new trial, because on the pleadings and the evidence the action of the court in sustaining the demurrer to the evidence was right."

We think the court below had power to entertain the motion for a new trial. Such is proper practice. Indeed, unless a motion is made for a new trial after a demurrer to evidence has been sustained, the supreme court cannot consider any errors of law committed by the court during the trial. (*Gruble v. Ryus*, 23 Kas. 195, 196; *Pratt v. Kelley*, 24 id. 111, 112.)

Neither do we think that the second point made by the plaintiff in error is tenable. A demurrer to evidence admits every fact and every conclusion which the evidence most favorable to the other party tends to prove. (*Christie v. Barnes*, 33 Kas. 317, 318.) And generally where a new trial has been granted, the supreme court will require a much stronger case before it will interfere and reverse, than where a new trial has been refused. (*City of Ottawa v. Washabaugh*, 11 Kas. 124, 127.) We think the court below erred in sustaining the demurrer to the evidence, and therefore that it did not err in granting the new trial. We think it is not necessary to comment upon the evidence.

The judgment of the court below will be affirmed.

All the Justices concurring.