## Roseltha Parsons v. Anson Parsons *et al.*

Demurrer to Evidence, *Error in Sustaining.* It is error for a trial court to sustain a demurrer to the plaintiff's evidence, when such evidence establishes a clear *prima facie* case in her favor. (*Mo. Pac. Rly. Co. v. Goodrich*, 38 Kas. 224; *Gardner v. King*, 37 id. 671.)

*Error from Morris District Court.*

The opinion states the case.

*J. K. Owens*, and *John T. Bradley*, for plaintiff in error.

*Maloy & Kelley*, and *Miller & Ritchie*, for defendant in error Cyrus Parsons.

Opinion by STRANG, C.: In March, 1886, the plaintiff
Roseltha A. Parsons, was the owner in fee of the real estate
described in her petition filed in the district court.   The de-
fendant Cyrus Parsons represented to her that his brother,
who, he said, was a rich man in Pennsylvania, would purchase
the said property of the plaintiff, and pay her $4,000 therefor.
The plaintiff consented to sell for that amount.   Afterward,
said Cyrus Parsons exhibited to the plaintiff a note executed
by the defendant, Anson Parsons, payable to the plaintiff on
demand, for $4,000, but said he was instructed to hold the
note until the deed was executed.   The plaintiff then exe-
cuted a deed to said Anson Parsons for the property; had it
recorded and sent to him.   Cyrus Parsons then refused to
turn the note over to the plaintiff until she paid a certain obli-
gation signed by himself, with Fay Parsons, the husband of
the plaintiff.   The plaintiff then demanded the note, or that
the property bè deeded back to her.   This demand was made
on both of the defendants, and they refused to do either.   Fay
Parsons, as the agent of the plaintiff, for her, made the same
demand, which was refused.   December 8, 1887, the plaintiff
commenced her action to set aside the deed thus obtained from
her, upon the ground that it was secured through fraud.   April
24, 1888, the case was tried by the court, a jury having been
waived.   Anson Parsons was in default.   The court found
that due and proper services by publication had been had on
him.   The plaintiff introduced her evidence and rested.   The
defendant demurred to the evidence, and the demurrer was sus-
tained.   Motion for new trial was overruled, and case brought
here for review.

We fail to discover in the record any reason in law, or in
fact, for the action of the district court.   The plaintiff alleges
that the deed from herself to Anson Parsons was obtained
from her fraudulently.   We think her evidence establishes
a clear *prima facie* case, and, unexplained, is sufficient to sup-
port her right to the relief sought.   The evidence shows that
Anson Parsons, instead of deeding the property back to the

plaintiff from whom his deed came, deeded it to Fay Parsons, notwithstanding both the plaintiff, and Fay Parsons for her, demanded that it be deeded back to the plaintiff. This action of Anson Parsons, together with the stealthy manner in which it was accomplished, with the other evidence in the case, shows pretty conclusively that the transaction was a scheme on the 'part of Cyrus Parsons, to which Anson Parsons lent himself for Cyrus' benefit, to get the title out of the plaintiff, and in the name of Fay Parsons, so that a judgment against him and Cyrus could be collected out of the property. The law never uses fraud as a means for the collection of a debt. The demurrer to the evidence should have been overruled. (*Mo. Pac. Rly. Co. v. Goodrich,* 38 Kas. 224; *Gardner v. King,* 37 id. 671.)

It is recommended that the judgment of the district court be reversed, and the case remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.