Asher v. Greenleaf.

---

A. E. ASHER *et al.* v. O. J. GREENLEAF *et al.*
**No. 13,251.** (74 Pac. 633.)

SYLLABUS BY THE COURT.

1. CONTRACT CONSTRUED—*Sale of Cattle*—*Division of Commissions.* A contract between two parties whereby they were to co-operate with each other in the business of buying, selling and handling cattle, and whereby the first party was to find buyers for cattle that the second party had in hand for sale, and whereby the second party was to locate and furnish cattle for said buyers so found, and providing a division of commissions earned on such sales, is broad enough to include a sale of cattle made by the first party induced by information furnished by the second party, although the latter neither had such cattle in his possession nor was authorized to sell them.

2. ACCORD AND SATISFACTION—*Case Followed.* On the question of accord and satisfaction, the case of *Harrison v. Henderson,* 67 Kan. 194, 72 Pac. 875, is followed.

Error from Kiowa district court; E. H. MADISON, judge. Opinion filed December 12, 1903. Affirmed.

*George A. Vandeveer, F. L. Martin,* and *L. M. Day,* for plaintiffs in error.

*J. W. Davis,* for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: The parties to this action were engaged in the business of handling cattle on commission. Defendants in error were plaintiffs below, and were given judgment. Their cause of action was based upon an alleged oral contract between them and the defendants "whereby (quoting the petition) they were to cooperate with each other in their said business of buying, selling and handling cattle, and whereby said defendants were to furnish buyers for cattle that said plaintiffs had in their hands for sale, and whereby plaintiffs were to locate and furnish cattle for said buyers so furnished;" and for the selling of cattle so furnished, sold or handled a commission was to be charged, and divided equally. It was claimed that on a certain deal the plaintiffs had sold certain bunches of cattle to customers furnished by defendants, the commissions on which sales were collected by defendants who refused to divide the same in accordance with the contract.

It appears from the evidence that the plaintiffs did not have the cattle in controversy in their possession for sale, nor were they authorized to sell them; that the only thing they did in accomplishing the sale was to furnish some information to the defendants regarding the location and character of the cattle which plaintiffs claim led to, or at least aided in, the making of the sale. The principal claim here is that this was not sufficient, under the terms of the alleged contract, to entitle the plaintiffs to share in the commissions collected by the defendants; or, putting the matter in the language of plaintiffs in error, "they were liable to the Greenleafs for a share of the commission only in those cases where the Greenleafs had a contract

Asher v. Greenleaf.

with the owner for the sale of the cattle, or had authority from the owners to sell the cattle." We do not think the contract counted on should receive so narrow a construction. As stated, it was that the parties were to cooperate in the business of buying, selling and handling cattle. Such cooperation was to be along certain general lines—the one party to furnish buyers for such cattle as the other had in their possession for sale, and also for such as they might locate and thus furnish. There was no little controversy over the question whether plaintiffs located the cattle sold by defendants, but this question was resolved by the jury in favor of the plaintiffs, and we think the transaction was thus brought within the terms of the contract pleaded. This view disposes of most of the questions raised.

A claim is made that there was error in admitting evidence concerning the contents of certain letters shown to have been destroyed. We doubt if proper objections were made to raise the questions now presented, but, if there were, we are of the opinion that no error was committed.

There were two bunches of cattle involved. As to one there was no question but that plaintiffs were entitled to a portion of the commission in dispute. Prior to the bringing of the action defendants had sent a check for the amount which they claimed was due to plaintiffs, accompanying the same with a letter in which they denied their liability for a greater amount upon the entire deal. It is now claimed that this, in effect, was an accord and satisfaction, the plaintiffs having neither returned the check nor made objection to its amount. It is doubtful if there was anything in the letter amounting to a declaration that the check was tendered as full satisfaction of all claims which

plaintiffs had upon defendants growing out of these transactions, but, if there was, there was nothing whatever looking to a declaration that if this amount was accepted by the plaintiffs it must be in full satisfaction of these claims, its acceptance therefore did not amount to an accord and satisfaction. (*Harrison v. Henderson*, 67 Kan. 194, 72 Pac. 875.)

Finding no error, we affirm the judgment.

All the Justices concurring.