S. F. NEELY v. T. W. THOMPSON.

No. 12,997.   (75 Pac. 117.)

SYLLABUS BY THE COURT.

1. ACCORD AND SATISFACTION — *Acceptance of Tender Held Payment in Full.*   Where a sum of money is tendered in satisfaction of a claim, the amount of which is in dispute, and the tender is accompanied with such acts and declarations as amount to a condition that if the money be accepted it will be accepted in satisfaction, and such that the person to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction: This is true although the debtor admits that the amount tendered is unconditionally and immediately due the creditor, and although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of the claim.

2. ———— *Letter of Remittance Construed — Acceptance of Check Held Payment.*   The amount of a claim being in dispute, the debtor mailed the creditor a statement of the account and a check, together with a letter in which he said that the check was in full satisfaction of the balance due on the account, adding: "Look it (the statement) over, and if there is any item you do not understand, if you will come to Leavenworth we will go through the original statements and I will explain it to you." *Held*, that the debtor was bound to understand that if he accepted the check he took it subject to the condition that it should be in full settlement of his demand.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed January 9, 1904.   Reversed.

13—68 KAN.

*H. J. Bone,* and *Hite & Nichols,* for plaintiff in error.
*Joseph Reed,* for defendant in error.

The opinion of the court was delivered by

MASON, J. : T. W. Thompson sued S. F. Neely for
a balance claimed to be due him for services performed
as deputy United States marshal during the latter's
term of office as marshal. At the trial it developed
that plaintiff had been paid fifty per cent. of the fees
earned by him as such deputy, and the defendant
claimed that under their agreement this was all he
was to receive, but the plaintiff claimed that the
agreement was that he was to have sixty-five per cent.
The difference between these percentages made the
amount in controversy, $240.65. Plaintiff testified
that he did not know of defendant's contention until
after the action was brought, but that he had at various
times asked defendant for a settlement; that on De-
cember 29, 1898, defendant sent him a letter enclosing
a statement of the account and defendant's check on a
Leavenworth bank for $7.90, the balance due as shown
by such statement; that plaintiff cashed the check
and kept the proceeds and wrote to defendant saying
that he needed the money and would use the check,
but that he wanted defendant to meet him in Leaven-
worth and make settlement, as the check was not a
settlement and defendant still owed him between $250
and $300. Defendant testified that the check sent to
and collected by plaintiff contained the words "bal-
ance in full for fees and expenses of deputy marshal."
The letter referred to reads as follows :

"LEAVENWORTH, KAN., Dec. 29, 1898.
"*T. W. Thompson, Esq., Topeka, Kan.:*

"DEAR SIR—I have received from the auditor of
state and other departments final reports on suspen-

sions and disallowances in accounts of deputies U. S. marshal. I have credited you with all reallowances and send herewith a full statement of your account. Look it over, and if there is any item you do not understand, if you will come to Leavenworth we will go through the original statements and I will explain it to you. Please find enclosed my check for $7.90, payable to your order, by the Manufacturers' National Bank of Leavenworth, which is in full satisfaction of balance due you on account of fees and expenses as deputy U. S. marshal.

Very respectfully,      S. F. NEELY."

The trial court instructed the jury:

"If you believe from the evidence in this case that there was a dispute between these parties as to the amount that was due from the defendant to plaintiff, and the defendant made his calculation as to the amount he understood was due, and wrote the plaintiff a letter, enclosing a check for the amount that he claimed was due, and stated either in the check or in the letter that that was in full for his account, and the plaintiff received that check and letter, and appropriated the check without objection on his part, then I instruct you that that would be a settlement of their difference."

The jury found for the plaintiff and a judgment was rendered accordingly, which the defendant now asks to have reversed.

The contention of plaintiff in error in effect is that the words "without objection on his part" should have been omitted from the instruction quoted; that the cashing of the check under the circumstances stated in the instruction (or, at all events, under the circumstances shown by defendant's evidence) estopped plaintiff to deny that a full settlement had been had, notwithstanding any protest he may have made at the time. In volume 1 of the Cyclopedia of

Law and Procedure, at page 332, it is said of an unliquidated or disputed claim :

"To constitute an accord and satisfaction it is necessary that the money should be offered in full satisfaction of the demand, and be accompanied by such acts and declarations as amount to a condition that the money, if accepted, is accepted in satisfaction ; and it must be such that the party to whom it is offered is bound to understand therefrom that, if he takes it, he takes it subject to such conditions. The mere fact that the creditor receives less than the amount of his claim, with knowledge that the debtor claims to be indebted to him only to the extent of the payment made, does not necessarily establish an accord and satisfaction. Where, however, a sum of money is tendered in satisfaction of the claim, and the tender is accompanied with such acts and declarations as amount to a condition that if the money is accepted it is accepted in satisfaction, and such that the party to whom it is offered is bound to understand therefrom that if he takes it he takes it subject to such condition, an acceptance of the money offered constitutes an accord and satisfaction. This is true although the creditor protests at the time that the amount paid is not all that is due, or that he does not accept it in full satisfaction of his claim. Where the tender or offer is thus made, the party to whom it is made has no alternative but to refuse it or accept it upon such condition. If he accepts it, he accepts the condition also, notwithstanding any protest he may make to the contrary."

These statements are supported by abundant authority, as shown by the accompanying citations. They have been referred to with approval by this court in *Harrison v. Henderson*, 67 Kan. 194, 72 Pac. 875. They are now accepted as a correct exposition of the law. In *Bridge Company v. Murphy*, 13 Kan. 35, it was said :

"Where a debtor pays a portion of his debt, which

Neely v. Thompson.

portion he admits to be due at the time he pays it, but claims that it is all that is due, and that it is the whole of the debt, and the creditor receives the same and signs a receipt in full therefor, but at the same time claims that it is only a portion of the debt, and that the other portion still remains due, *held*, that the creditor is not estopped by his receipt from afterwards suing the debtor and recovering the balance of the debt not yet paid.''

This declaration of legal principles is not in conflict with that just made, since it does not purport to cover a case where the tender is made with the condition that it must be accepted in full if at all. Even if such element was in fact present in that case, it is not important, since the decision was not based upon that consideration. The decision turned upon the question whether the written receipt purporting to to be in full could be disputed. This is shown not only by the language of the opinion but by the authorities cited in its support.

It remains only to decide whether plaintiff in this action was bound to understand from the letter written him by defendant that if he took the payment he took it subject to the condition that it should be in full settlement of his whole claim. In a foot-note to the passage quoted above (1 Cyc. 333, note 72) it is said:

''According to the weight of authority, where a claim is in dispute and the debtor sends or gives the creditor a check for a less sum, which he declares to be in full payment of all demands, the retention thereof by the creditor constitutes an accord and satisfaction.''

Even disregarding the evidence of defendant as to a receipt in full having been embodied in the check, we hold that the language of the letter alone was sufficient to advise the recipient that the writer intended

that the check should be accepted, if. at all, in full satisfaction of the account. The expression of a willingness to explain any of the items that may not be understood is not equivalent to an admission that there may be a doubt as to the correctness of the statement rendered, or that the amount shown as a balance is open to further inquiry. It is rather a distinct affirmance to the contrary.

· It results that the judgment must be reversed and the cause remanded for a new trial.

· JOHNSTON, C. J., SMITH, CUNNINGHAM, GREENE, BURCH, ATKINSON, JJ., concurring.

MASON, J. (dissenting) : I recognize that the result reached by the court as above indicated is in accordance with the weight of authority. I do not believe, however, that the payment by a contract debtor of an amount which he admits to be immediately and unconditionally due should be held a sufficient consideration for an accord and satisfaction or any other contract; or that a debtor should be permitted to build a right upon the doing of an act which by his own admission he is under a positive duty to perform; or that a creditor should be prejudiced by accepting and retaining a payment to which his debtor admits that he is entitled.

It is almost universally held that the acceptance by a creditor of a part of a sum admitted to be due him, under a positive agreement that it shall satisfy the entire demand, does not preclude his recovering the remainder. The reason is that there is no consideration for the agreement to waive the unpaid part of the claim. Where a debt is admitted to be due, but the amount is in dispute, and the debtor pays, and the creditor receives, so much of it as is not disputed,

under an agreement that such payment shall be a satisfaction of the entire demand, there is likewise no consideration for the release by the creditor of the disputed part of his claim.   The debtor in such case waives no right, concedes nothing, and does no act that he is not absolutely bound to perform.   Of course, if he pays the slightest sum in excess of what he admits to be due, the transaction amounts to a compromise, and there is a good consideration for the waiver by the creditor of a part of his claim.   The authorities supporting the conclusion of the court proceed upon the unwarranted assumption that there can be a compromise where one party to a controversy yields everything, the other nothing.   A compromise implies mutual concession.   (*Gregg v. Weathersfield*, 55 Vt. 385 ; *Bright v. Coffman*, 15 Ind. 371, 77 Am. Dec. 96.)