No. 28,286.

J. C. NEWBANKS, *Appellant*, v. THE ASH GROVE LIME & PORTLAND CEMENT COMPANY, *Appellee*.

(272 Pac. 112.)

Opinion filed December 8, 1928.

*F. J. Oyler,* of Iola, for the appellant.

*T. R. Evans,* of Chanute, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in damages alleged to have resulted from the breach of a parol contract of employment for personal services. The trial court sustained a demurrer to plaintiff's evidence, and he has appealed.

The legal question presented is whether the case is controlled by the statute of frauds (R. S. 33-106). In other words, was the parol contract relied upon one which could not be performed within a year?

In that portion of the petition necessary to be considered on this point it is alleged, in substance, that on May 27, 1926, plaintiff orally contracted with defendant's representative to work on defendant's farm as foreman at a salary of $85 per month, with a house and certain other things furnished; that this contract of employment was for one year from August 20, 1926; that on about that date he moved to defendant's farm, and that after he had moved to the farm, and on the same day, defendant's representative "verbally employed him to take charge of the dairy department of said farm at a salary of $100 per month for the first month and thereafter for a period of eleven months at $125 per month," a house and certain other things to be furnished. The petition does not allege when the year of employment in charge of the dairy department was to begin. The petition contained further allegations of the

breach of the contract by defendant, without fault of plaintiff, and of the plaintiff's damages. The answer was a general denial.

In this case plaintiff does not rely upon the contract made May 27, 1926, for the year beginning August 20, at $85 per month, hence we need not consider whether, under the statute of frauds, an action would lie for the breach of this contract. Plaintiff relies upon the alleged breach of the parol contract made August 20, 1926, for employment for one year at a salary of $100 per month for the first month and $125 a month for eleven months. While the petition does not allege when that year of service was to begin, the evidence of plaintiff and other witnesses in his behalf makes it clear that under this contract, made August 20, 1926, the term of employment for one year was to begin September 1, 1926, and extend to September 1, 1927. It was therefore an agreement, not in writing, which could not be performed "within the space of one year from the making thereof," and because of the statute of frauds (R. S. 33-106) an action for its breach could not be maintained. In this situation the court properly sustained a demurrer to the evidence. The ruling is supported by the following authorities: (27 C. J. 174, 176, 186, and cases there cited; see, also, *Wolf v. Dozer,* 22 Kan. 436; *Osborne v. Kimball,* 41 Kan. 187, 21 Pac. 163; *Jamison v. Christman,* 95 Kan. 131, 148 Pac. 247; *Tredick v. Birrer,* 109 Kan. 488, 200 Pac. 272.)

Commenting on cases relied upon by appellant, here the services contracted for did not admit of full performance within a year from the making of the contract, and do not fall within the rule stated in *Sutphen v. Sutphen,* 30 Kan. 510, 2 Pac. 100. In *Sugar Co. v. Taylor,* 37 Kan. 435, 15 Pac. 586, service began April 1, 1884. The contract was made April 10 for a year from the time the service began, and it was properly held that the service could be perfomed within a year from the making of the contract. In *Aiken v. Nogle,* 47 Kan. 96, 27 Pac. 825, the contract was for a year beginning the date of the contract, and it was held that the services could be performed within a year. In *Heery v. Reed,* 80 Kan. 380, 102 Pac. 846, the contract admitted of full performance within a year. Moreover, it had been performed—the action was one for compensation for services performed. In *Pierson v. Milling Co.,* 91 Kan. 775, 139 Pac. 394, the performance of the contract did not necessarily

extend over a year. In *Millikan v. Shoe Co.*, 95 Kan. 327, 148 Pac. 660, the question of the application of the statute of frauds was not presented. Hence, none of the cases relied upon support appellant's position.

The judgment of the court below is affirmed.