No. 28,607.

ARNOLD BLOCK, doing business as THE BLOCK TIRE COMPANY, *Appellant,* v. WYLEY BODAM, *Appellee.*

(278 Pac. 19.)

Opinion filed June 8, 1929.

*Joseph Cohen,* of Kansas City, for the appellant.
*Rush L. Fisette,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff, doing business as The Block Tire Company, sued the defendant, an employee of the Frisco Railroad Company, in the city court of Kansas City, for $13.30, and garnisheed the railroad company, which was then indebted to the defendant for wages due him. The defendant in that action in that court filed a bill of particulars against the plaintiff, in which the defendant asked for judgment against the plaintiff in the sum of $50 for damages sustained by the defendant on account of the oppression of the plaintiff in bringing the action and garnisheeing the railroad company and in refusing to relinquish the garnishment after the defendant had paid to the plaintiff more than was due him in order to secure a dismissal of the action and a relinquishment of the garnishment, and asked for $200 as punitive damages. The action was tried in that court, which resulted in a judgment in favor of the defendant for $107.50, from which the plaintiff appealed to the district court. The action was again tried, which resulted in a judgment in favor of the defendant for $200, from which the plaintiff has appealed to this court.

The defendant, in his bill of particulars, alleged that after the action was commenced he offered to pay the plaintiff the sum of $5.80 which the plaintiff claimed was due him for automobile tires which he had sold to the defendant, and demanded a discharge of the garnishment and a release of the garnishee, which was refused by the plaintiff until the defendant should pay an additional sum of $5 costs and $7.50 called an "expense and handling" charge; that the wife of the defendant was sick; that he was in need of money; that the defendant, by reason of his distress and in fear of losing his employment with the railroad company, paid the $18.30 demanded by the plaintiff; but that the plaintiff refused to relinquish the garnishment or release the garnishee. When the case was called for trial the plaintiff dismissed his cause of action against the defendant. The action was tried on the defendant's bill of particulars.

■ The plaintiff claims that there was no evidence to show that he acted with malice toward the defendant in the effort to recover the amount due. There was evidence which tended to prove that the amount due to the plaintiff was $3.80; that the plaintiff claimed that there was $5.80 due; that the defendant thought all had been paid; that the plaintiff sued to recover besides the $5.80 which he claimed

to be due, $7.50 which he denominated as a charge for expenses and handling; that immediately upon receiving notice of the action and garnishment, the defendant went to the plaintiff and offered to pay the amount claimed by him to be due; that the plaintiff refused to accept payment until the $7.50 handling charge and the cost of the action; $5, had been paid; that the defendant immediately borrowed $18.30 and paid it to the plaintiff; that the plaintiff did not then dismiss the action, relinquish the garnishment, nor release the garnishee; that the defendant was employed by the Frisco railroad and was afraid of losing his employment on account of the garnishment; that his wife was sick and needed medicines and medical attention; that he had no money with which to pay for them; and that he was dependent upon his wages for money. The action was commenced on July 14, 1926. The action was tried on August 12, 1926, on the defendant's bill of particulars, on which day the plaintiff dismissed his action against the defendant. The garnishment was afterward relinquished. That evidence strongly tended to prove oppression by the plaintiff toward the defendant and justified the jury in finding malice.

■ The plaintiff says that the defendant, by paying the $18.30 to the plaintiff, completed an accord and satisfaction, and for that reason is not entitled to recover either actual or exemplary damages. To complete an accord and satisfaction it was necessary for the plaintiff to relinquish the garnishment and dismiss his action immediately on the payment of the $18.30. That was not done. For that reason, if there was no other, there was no accord and satisfaction. (*Harrison v. Henderson*, 67 Kan. 194, 72 Pac. 875; 1 C. J. 523, 533, 564.)

■ The plaintiff claims that the matters set up by the defendant in his bill of particulars were not proper to be set up as a counterclaim against the plaintiff's cause of action. That question does not seem to have been presented to the trial court in any form. For that reason it cannot be presented at this time.

■ The plaintiff complains of the argument of counsel for the defendant on the submission of the case to the jury. The defendant by affidavit denied making the statements asserted by the plaintiff to have been made by counsel for the defendant. If the argument was made as contended for by the plaintiff, it would, in any ordinary case, have been improper and would have justified a reversal

of the judgment, but the circumstances surrounding the commencement and prosecution of this action by the plaintiff showed that the argument of the attorney for the defendant was justified even if it was made in the manner complained of by the plaintiff.

The judgment is affirmed.