No. 28,843.

M. V. Vigneron, *Appellee*, v. The List & Hallett Construction Company, *Appellant*.

(288 Pac. 570.)

Opinion filed June 7, 1930.

*Leonard S. Ferry* and *Frank E. Miller*, both of Topeka, for the appellant.
*F. L. Loveless* and *Paul H. Heinz*, both of Topeka, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The appeal in this case is from an order of the trial court granting a new trial, where the court had previously sustained a motion of the defendant to take the case from the jury and render judgment for the defendant.

Appellant insists that it was error to grant a new trial when the motion to take the case from the jury and render judgment for the defendant was properly sustained, and urges here that there can be no question as to its being the proper and only ruling that could have been legally made. It must be readily conceded that if there can be no question as to the ruling on the former motion being absolutely correct and legal, it should not have been disturbed by the granting of a new trial, as the rights of the parties would not be substantially affected. (R. S. 60-3001.) But if there are any reasonable grounds for questioning or doubting the correctness of the

ruling or its application to the facts involved, then it is not error for the trial court to grant a new trial.

"Where a demurrer to the evidence of the plaintiff is erroneously sustained, and the plaintiff files a motion for a new trial, the court should grant the same." (*Mo. Pac. Rly. Co. v. Goodrich, Adm'r*, 38 Kan. 224, syl. ¶ 2, 16 Pac. 439; see, also, *City of Sedan v. Church*, 29 Kan. 190; *Busalt v. Doidge*, 91 Kan. 37, 136 Pac. 904; *Stillie v. Stillie*, 115 Kan. 420, 223 Pac. 281.)

The motion to take the case from the jury and render judgment for the defendant was based, as stated in the motion, upon the ground that "the testimony of plaintiff himself conclusively shows an accord and satisfaction of the claim of said plaintiff against this defendant sued upon in this action." This motion was made and sustained during the taking of plaintiff's testimony, and according to appellant's theory of the case is strongly supported by the cases of *Neely v. Thompson*, 68 Kan. 193, 75 Pac. 117; *Burger v. First Nat'l Bank*, 124 Kan. 23, 257 Pac. 979; *Hoop v. Kansas Flour Mills Co.*, 124 Kan. 769, 262 Pac. 544; holding in effect that where there is a dispute between a debtor and a creditor as to the amount of the debt, and the debtor sends a check stating in letter or otherwise his intention for it to be in full payment of the debt or claim, the acceptance of the check by the creditor is a complete accord and satisfaction of the claim regardless of the protest or failure of the creditor to sign the formal receipt inclosed acknowledging full satisfaction. There is no disposition to question this rule, but the appellee points out to this court, as he doubtless did to the trial court when he presented his motion for a new trial, that there are two claims here involved, making a confusion as to whether only one or both claims were being settled by the payment and acceptance, and urges, as was held in *Sigler v. Sigler*, 98 Kan. 524, 158 Pac. 864, that an accord and satisfaction "must be consummated by a meeting of the minds of the parties." Appellant consistently urges that the payment and settlement was of both claims, while the appellee as emphatically insists that it was the exact amount of one claim and only intended as a settlement of one of the two claims. It is not necessary for us to go into the facts of the case except to determine whether there was an open question as to what the payment and the accord and satisfaction covered, and whether there existed an issue of fact which should have been submitted to the jury.

The action is for damages for breach of an oral and a written contract by the failure of the defendant to accept and take from plain-

tiff all the crushed rock needed for the building of a certain road project, alleging that defendant accepted from plaintiff only 2,000 of the 12,000 cubic yards of crushed rock used on the project, instead of the entire amount, the profit of the plaintiff being 50 cents per cubic yard. The written contract provided for the withholding of 10 per cent of the price until completion of the work. Plaintiff says that the payment of $122.73, which was made and accepted, was the balance of the 10 per cent held back as per contract, whereas defendant says it was in full of all claims due plaintiff. The language used in the receipt sent with the check and not signed by plaintiff is such as to enable counsel on both sides to present very plausible but widely different constructions as to its meaning and its application to only one or both claims.

We cannot agree with the appellant that there is no question here for a jury and that the court in taking the case from the jury did the only thing that could properly have been done under the facts and circumstances of the case.

"To constitute an accord and satisfaction, the agreement that a smaller sum shall be accepted in discharge of a larger one originally claimed must have been entered into by the parties understandingly and with unity of purpose." (*Matheney v. El Dorado*, 82 Kan. 720, syl. ¶ 1, 109 Pac. 166. See, also, *Harrison v. Henderson*, 67 Kan. 194, 72 Pac. 875; *Sigler v. Sigler*, 98 Kan. 524, 158 Pac. 864.)

We find no error in the granting of a new trial.

The judgment is affirmed.