No. 34,101

The Lighthouse for the Blind, *Appellee*, v. Grant Miller, doing business as the Grant Miller Broomcorn Company, *Appellant*.

(86 P. 2d 508)

Opinion filed January 28, 1939.

*John B. Bryant* and *B. Mack Bryant*, both of Wichita, for the appellant.
*Austin M. Cowan, C. A. McCorkle, W. A. Kahrs, Robert H. Nelson* and *Henry L. Butler*, all of Wichita, for the appellee.

The opinion of the court was delivered by

Allen, J.: This was an action for damages caused by the failure of defendant to deliver broomcorn in accordance with the contract between the parties. Judgment was for plaintiff. Defendant appeals.

The plaintiff is a charitable corporation located in Seattle, Wash., and engaged in the business of employing blind persons to manufacture brooms and other similar products. The defendant is a broomcorn broker, doing business under the name of Grant Miller Broomcorn Company, and is located at Wichita, Kan.

On April 22, 1935, the plaintiff wrote the defendant asking whether or not defendant could supply him with a ten-ton car of medium-quality broomcorn. On April 25, 1935, the defendant replied that he could furnish a car of 70 bales (around 11 tons) at $225 f.o.b. field, and that this was good Western Standard corn bought early, and was a good value. In response to this letter, the plaintiff, by telegram dated April 27, 1935, directed the defendant to ship the Western Standard corn as set out in defendant's letter, and in addition, four tons of cheaper corn—dwarf corn. On the same date the defendant acknowledged receipt of the telegram and advised the plaintiff that the car would be shipped at $225 per ton, and four tons of dwarf corn at $200 per ton.

On May 25, 1935, shortly after receipt and inspection of the corn, plaintiff wrote defendant stating that a sample of the general run of the dwarf corn was being sent by parcel post, that it was very poor corn, and that rats or mice had eaten into it badly; that the Western Standard was far below expectations; that the waste would run approximately one-half on the dwarf and one-third on the Western Standard; that a cash settlement should be made by the defendant to cover this loss suffered by the plaintiff. The answer of the defendant, dated May 27, 1935, admitted that the sample did not contain the kind of corn that was shipped and could be only accounted for because the defendant had no way of knowing what was in the center of the bales unless they were torn down and re-baled, and further stated:

"Please let us know what you think and feel is right in this situation, and we will do the fair thing by you."

A trial was had before a jury, resulting in a verdict in favor of the plaintiff in the sum of $648.53. Defendant contends that "this is a plain case of accord and satisfaction, and asks that the judgment be reversed on that ground." The letter of August 24, 1935, from defendant to plaintiff, written by defendant's secretary, upon which the defense of accord and satisfaction is based, stated:

"In a letter of instructions from Mr. Grant Miller located now at Lindsay, Okla., during the heavy buying on the broomcorn market, he said to mail you a check for $100. . . . This is the first and only thing I have heard

Mr. Miller say he would do in the making of a rebate, but I will say, I think he is very foolish, after due and full consideration of what has been said before, if he is not willing to do more, and the same on your side. While the writer does not claim to be a 'critic' on the quality of broomcorn, neither from the buying or selling side, and did not see this corn, but cannot feel that Mr. Miller would ship you a car of corn with the quality so different from the prevailing price at the time, as to warrant such a rebate."

The plaintiff retained the check, and on August 28, 1935, wrote the defendant: "Of course, this amount is far too small to be any adjustment on the loss we have on the last carload of broomcorn we purchased from your firm." Obviously, the creditor was guilty of neither ambiguity of silence nor ambiguity of words.

An accord is a contract between creditor and debtor for the settlement of the claim by some performance other than that which is due. Satisfaction takes place when the accord is performed. In *Harrison v. Henderson,* 67 Kan. 194, 72 Pac. 875, a draft was sent in payment of a "balance" on an account, and it was contended the creditor could not accept the draft and afterwards claim a further payment. The court stated:

"To constitute such payment an accord and satisfaction, it must be offered as full satisfaction of a claim, and accompanied by such declarations, or under such circumstances, as would amount to a condition that, if accepted by the creditor, it would be in full satisfaction of the debt." (Syl. ¶ 3.)

Where a check is offered in settlement of an unliquidated or disputed claim, the debtor must make it clear that the check which he sent is offered only on condition that it is taken in full payment. In the absence of such condition, the retention of the check, at least where the creditor promptly notifies the debtor that he still insists upon payment of the balance claimed, as was done in this case, does not establish his assent to the acceptance of the sum tendered as a full settlement. (*Neely v. Thompson,* 68 Kan. 193, 75 Pac. 117; *Vigneron v. List & Hallett Construction Co.,* 130 Kan. 676, 288 Pac. 570; *Minor v. Bank,* 112 Kan. 666; 212 Pac. 672; Williston on Contracts, Rev. ed., §§ 1854, 1856.)

The case of *Hoop v. Kansas Flour Mills Co.,* 124 Kan. 769, 262 Pac. 544, relied on by defendant, is in accord with the foregoing authorities. It was there stated: " 'When a claim is disputed or unliquidated and the tender of a check or draft in settlement thereof is of such character as to give the creditor notice that it must be accepted in full satisfaction of the claim or not at all, the retention and use thereof by the creditor constitutes an accord and satisfaction.' (1 C. J. 562.)"

Under the rule steadily adhered to in this state, we are clear the record fails to show an accord and satisfaction. Accordingly, the judgment must be affirmed. It is so ordered.