No. 35,366

J. E. Pennington, *Appellee*, v. B. Kross, *Appellant*.

(121 P. 2d 275)

Opinion filed January 24, 1942.

*E. R. Sloan, W. Glenn Hamilton, Floyd A. Sloan* and *Eldon R. Sloan*, all of Topeka, for the appellant.

*Keene Saxon*, of Topeka, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This appeal arises from a ruling of the trial court denying appellant's motion for judgment on the pleadings. For our purposes the pleadings may be very much summarized.

Plaintiff's petition alleged that on March 24, 1939, he had leased from the defendant, Kross, the premises known as the Ritz Theatre, located at 122 East Fourth street, in Topeka, for a term of five years, and that he entered into possession and installed certain equipment; that in December, 1940, he closed the theatre temporarily for repairs; that his rent was paid to January 1, 1941; that he entered into an arrangement to sell his equipment and leasehold interest to a third person and through the interference of the defendant the arrangement was never carried out; that defendant advised plaintiff's tenants not to pay plaintiff further rent, tore down his signs, changed the locks on the building and precluded plaintiff from entering the theatre building; that he had been informed and believed the action was taken as a result of a conspiracy between defendant Kross and one George Gordon with the avowed purpose

of ruining plaintiff's business, and his credit and reputation, and that the conspiracy was entered into December 8, 1940; that by virtue of defendant's actions, the lease had become a nullity, and he had suffered $3,500 actual damages; that his credit and standing as a motion picture operator had been damaged in the further sum of $2,000 and by reason of the unprovoked and unjustifiable conduct of defendant he should recover $1,000 as punitive damages.

Defendant's answer, after making certain denials and admissions, alleged that plaintiff had made a complete settlement of his claims against defendant in that on December 28, 1940, he made an unqualified release in writing of any claims he had against George Gordon, the same person referred to in his petition. A copy of this release is made part of the answer. It shows an agreement between J. E. Pennington as first party, and George Gordon and Hyman Gordon, partners doing business as Gordon Brothers, as second parties, and generally provides for settlement of matters connected with the lease and equipment of the property known as the Best Theatre at 402 Kansas avenue. As a part of that settlement Pennington agreed "to release second parties, both as individuals and as a partnership, of any and all claims which he has or might claim to have against them, or any of them, on account of any matters whatsoever to this date, and particularly including any matters in connection with the lease of said premises or the use and occupancy or operation of the business thereon."

Plaintiff's reply denied allegations of the answer inconsistent, contrary or adverse to the petition and that any settlement had with George Gordon, Hyman Gordon or any other person was in any way a defense to his cause of action against the defendant.

After the issues had been made up defendant filed his motion for judgment on the pleadings and upon that motion being denied, he appealed to this court.

The motion for judgment in the instant case attacks the sufficiency of the pleadings and is to be treated as a demurrer. (*School District v. Community High School*, 146 Kan. 380, 69 P. 2d 1102.) So treated, the motion admits the truth of all the well pleaded facts in the pleadings of the opposing party. It has been held that a motion of the defendant for judgment on the pleadings should be denied where the petition states a cause of action, the answer states a defense and the reply denies every material allegation of the answer

inconsistent with the allegations of the petition. (*McKnight v. Building Co.*, 96 Kan. 118, 150 Pac. 542.)

The gist of appellant's contention is that the release of one joint tort-feasor constitutes a release of all joint tort-feasors, and that the record disclosed there was such a release. Assuming the legal proposition is wholly sound, what is its applicability here? Defendant by his motion for judgment did not establish the defense pleaded, but he did admit the facts pleaded against him. His motion did not overcome the denials of the reply. It might possibly be open to question whether the reply placed in issue the execution of the agreement for release because of lack of explicit language or because of failure to verify under oath, but whether execution was denied or not, defendant's construction was not admitted. It is to be noted the reply specifically denied that any settlement had with George Gordon or Hyman Gordon was a settlement of the matters alleged in the petition.

As a matter of law, we do not think the trial court, or this court, could examine the agreement for release of the controversy between plaintiff and Gordon Brothers or either of them arising from operation of the Best Theatre in which, so far as the record discloses, defendant Kross had no interest, and say that it was a settlement of a controversy between plaintiff and defendant Kross arising from operation of the Ritz Theatre in which, so far as the record discloses, neither of the Gordons had any interest. The situation is analogous to that disclosed in *McKnight v. Building Co.*, supra, and under the reasoning of that case, the trial court did not err in denying defendant's motion for judgment on the pleadings.

The ruling of the trial court is affirmed.