No. 40,036

RECORD CORPORATION OF AMERICA, *Appellee*, v. W. H. IRWIN, doing business as IRWIN'S DISTRIBUTING Co., *Appellant*.

(297 P. 2d 209)

Opinion filed May 5, 1956.

*Pat Warnick*, of Wichita, argued the cause and *Alan B. Phares*, *William C. Norton* and *H. E. Pat Healy*, all of Wichita, were with him on the briefs for the appellant.

*John E. Hurley*, of Wichita, argued the cause and *Julian E. Ralston*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, C. J.: This was an action for money for goods delivered. Judgment was for plaintiff. Defendant has appealed.

In the petition the plaintiff alleged the shipment of records to defendant, the payment for only a part and that $1,214.81 was still due.

A motion to make definite and certain and to strike, also a demurrer, were overruled.

The defendant answered denying the correctness of the account and alleging he owed plaintiff nothing.

The jury found for the plaintiff for the full amount for which suit was brought.

Defendant moved for a new trial on the grounds, erroneous rulings and instructions of the trial court, and verdict contrary to the evidence. This was overruled—hence this appeal.

The specifications of error are that the trial court erred in overruling defendant's demurrer to plaintiff's evidence and in denying his motion for a new trial.

Three questions are set out in defendant's brief. The only one

argued is, the trial court erred in refusing upon demurrer to plaintiff's evidence to find that defendant had paid all indebtedness in full and a new contract had been entered into and an accord and satisfaction had been reached.

There was substantial evidence that plaintiff shipped to defendant on its order 11,219 records and through a mistake of its shipping clerk billed him for only part of them; that defendant immediately paid for the part for which he had been billed. When a corrected invoice was sent him he denied having received the additional records. There was substantial evidence that he did receive them. During the trial several letters were introduced. Defendant points out these letters and argues they show an accord and satisfaction. Defendant did not mention accord and satisfaction in his argument on the demurrer to the evidence nor did he plead any such defense. It is doubtful whether we should consider such a defense when raised for the first time in this court. (See *Hines v. Roberts Bros.*, 117 Kan. 589, 232 Pac. 1050.)

We have examined the record, however, and find no evidence whatever of any of the elements of accord and satisfaction.

The judgment of the trial court is affirmed.