No. 40,623

DAVID MANNING, *Appellant*, v. WOODS, INC., a corporation, *Appellee*.

(324 P. 2d 136)

Opinion filed April 12, 1958.

*D. Clifford Allison*, of Wichita, argued the cause, and *Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Bernard V. Borst* and *Gerald D. Lasswell*, all of Wichita, were with him on the briefs for the appellant.

*Wayne Coulson*, of Wichita, argued the cause, and *Homer V. Gooing, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Theodore C. Geisert* and *Philip Kassebaum*, all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This appeal arises from a ruling of the trial court sustaining defendant's motion for judgment on the pleadings. The pertinent portions of the pleadings are narrated below.

Plaintiff's petition, as amended, alleged: On or about October 1, 1954, defendant (appellee), Woods, Inc., hired plaintiff (appellant), David Manning, as a salesman for one year from date of agreement in an oral contract of employment, whereby defendant offered to pay plaintiff a salary of $1000 a month, plus a guaranteed bonus of from $2000 to $5000 a year, depending upon the increase in defendant's business, which plaintiff alleged increased substan-

tially in 1954. In compliance with this oral agreement, plaintiff moved from Dallas, Texas, to Wichita, and commenced working for defendant under the terms of the contract on October 15, 1954, continuing to so work until December 29, 1954, at which time he was discharged without cause. Plaintiff was paid the agreed $1000 a month until January 7, 1955. Plaintiff further alleged that he received no bonus and, regardless of his demand for the balance due under the contract, defendant refused to pay any amount whatsoever. Plaintiff asked judgment in a specified amount for the balance due under the terms of the contract of employment.

Defendant's answer to the petition denied generally all the allegations thereof and specifically denied that plaintiff had been employed by defendant for a term of one year or that defendant had guaranteed plaintiff a bonus. The answer then alleged that plaintiff had been employed to work from month to month at a salary of $1000 a month; that the agreement was terminable at will and had not become effective until plaintiff commenced work for defendant on or about October 16, 1954. Defendant further alleged that plaintiff was informed in writing that the only bonus he would receive, if any, would be in whatever amount defendant saw fit to pay. Defendant also alleged that plaintiff was discharged for incompetency, and that:

"For further defense, defendant alleges that upon the termination of plaintiff's employment, in consideration for the sum of Two Hundred Fifty Dollars ($250.00) paid by the defendant, the plaintiff executed in writing a release by him on all claims arising out of his employment contract with the defendant. A true and correct copy of the aforesaid written instrument is attached hereto as Exhibit 'A,' incorporated herein and made a part hereof. The aforesaid written instrument executed by the plaintiff constitutes an accord and satisfaction between the parties to this action of any and all claims arising out of the plaintiff's employment with the defendant."

Exhibit "A" is a check for $209.60, on the face of which appears, "This check is in full settlement of account as shown hereon. Acceptance by endorsement constitutes receipt in full." In accounting columns on the face of the check appear the following items: "Salary 250.00, S. S. 5.00, W. T. 35.40." On the back of the check appears, "Salary in full for all services & expenses," followed by plaintiff's signature.

Plaintiff replied to defendant's answer by way of verified general and specific denials of the allegations and new matter set up by defendant. A portion of the verified reply reads:

". . . plaintiff states that the $250.00 allegedly paid by defendant to plaintiff was not paid in consideration for a release by plaintiff of his claims arising out of his employment contract with defendant. Plaintiff alleges that the $250.00 check, a copy of which is attached to defendant's answer and marked Exhibit 'A,' was not paid to plaintiff with the intention on the part of defendant that the same would constitute a release to defendant by plaintiff of plaintiff's claims arising out of his employment contract with the defendant and furthermore alleges that plaintiff did not accept such check or payment in consideration of any release whatsoever by him of his claims arising out of his employment contract with defendant."

Upon the issues thus joined, defendant filed a motion for judgment on the pleadings, which the trial court sustained, entering judgment against plaintiff, from which order and judgment plaintiff appeals.

Plaintiff, in substance, contends that there are issuable facts joined by the pleadings and that the trial court erred in sustaining a motion for judgment thereon. The motion for judgment in the instant case attacks the sufficiency of the pleadings and is therefore to be treated as a demurrer. So treated, the motion admits the truth of all well-pleaded facts in plaintiff's petition and reply, as amended. It has been repeatedly held that a motion of the defendant for judgment on the pleadings should be denied where the petition states a cause of action, the answer states a defense and the reply denies every material allegation of the answer inconsistent with the allegations of the petition. Such a motion cannot be sustained when issues of fact upon which a valid judgment might be based are joined by the pleadings. For some of the most recent authorities applying the mentioned rule see *Geier v. Eagle-Cherokee Coal Mining Co.,* 181 Kan. 567, 313 P. 2d 731; *Smith v. Harris,* 178 Kan. 183, 284 P. 2d 611; *Drury v. State Highway Commission,* 175 Kan. 667, 265 P. 2d 1022; *Buechner v. Trude,* 175 Kan. 572, 266 P. 2d 267; *Lanning v. Goldsberry,* 173 Kan. 654, 250 P. 2d 812; *Ewing v. Pioneer Nat'l Life Ins. Co.,* 158 Kan. 371, 147 P. 2d 755; *Pennington v. Kross,* 154 Kan. 667, 121 P. 2d 275. In *Artesian Valley Water Conservation Assn. v. Division of Water Resources,* 174 Kan. 212, 213, 255 P. 2d 1015, we held:

"The general rule is that in determining a motion for judgment on the pleadings the court considers the facts pleaded in and the sufficiency of the pleading against which the motion is leveled, and ignores the pleadings of the moving party."

Defendant contends that plaintiff's acceptance of defendant's check, as pleaded in its answer, constituted an accord and satisfac-

tion of plaintiff's claim as a matter of law. We do not so view it. It is a well-established rule in this state that an accord and satisfaction is the adjustment of a disagreement as to what is due from one party to another and the payment of the agreed amount. In *Harrison v. Henderson,* 67 Kan. 194, 200, 72 Pac. 875, it was stated:

"An accord and satisfaction is the result of an agreement between the parties, and, like all other agreements, must be consummated by a meeting of the minds of the parties, accompanied by a sufficient consideration. If the creditor is to be held to abate his claim against the debtor, it must be shown that he understood that he was doing so when he received the claimed consideration therefor. A simple tender of a 'balance' as shown by an account tendered by the debtor does not carry with it an implication or conclusion that by such tender the debtor paid, or that the creditor agreed to receive, the same in full of the amount due, *where there has been no prior disagreement or discussion as to what was actually due.*" [Emphasis supplied.]

See also *Asher v. Greenleaf,* 68 Kan. 29, 74 Pac. 633; *Neely v. Thompson,* 68 Kan. 193, 75 Pac. 117; *Matheney v. El Dorado,* 82 Kan. 720, 109 Pac. 166; *Minor v. Bank,* 112 Kan. 666, 212 Pac. 672; *Block v. Bodam,* 128 Kan. 354, 278 Pac. 19; *Lighthouse for the Blind v. Miller,* 149 Kan. 165, 86 P. 2d 508.

The allegations in plaintiff's reply that the check was not paid to him in consideration of a release of his claims, was not intended by defendant to constitute a release, and was not accepted by plaintiff in consideration of a release must be taken as true. These facts effectively negate any possibility that the parties agreed expressly that the check satisfied all claims. It is noted that the check was dated the day before plaintiff was discharged and, thus, presumably before any dispute arose. There was no allegation in the pleadings that at or prior to the time the check was accepted there was any dispute or controversy existing between the parties as to the amount due under the employment contract. Defendant, by its motion for judgment on the pleadings, did not establish the defense pleaded, but the defendant did admit the facts pleaded against it in the reply. Defendant's motion did not overcome the denials or the affirmative material of plaintiff's verified reply.

As a matter of law, we do not think that the trial court or this court could examine the check denominated by defendant as a release and say that it was an accord and satisfaction of plaintiff's claim under the contract of employment. Issuable facts are joined by the pleadings and the plaintiff is entitled to a determination of the same by a trial of the facts.

In view of what has been said above, the judgment of the trial court is reversed and the cause is remanded with directions to set the judgment aside and proceed with the trial.

It is so ordered.

JACKSON, J., not participating.

PRICE, J., dissents.