No. 41,107

FRANK C. MITCHELL, *Appellee,* v. CERTIFIED FINANCE, INC., a Corporation, *Appellant.*

(332 P. 2d 516)

Opinion filed December 6, 1958.

*Patrick F. Kelly,* of Wichita, argued the cause, and *W. A. Kahrs* and *Robert H. Nelson,* both of Wichita, were with him on the briefs for the appellant.

*A. D. Weiskirch,* of Wichita, argued the cause, and *Manford Holly,* of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This was an action brought by the plaintiff, a former employee of the defendant, upon an alleged amount due plaintiff as part of his compensation. Defendant's demurrer to plaintiff's reply was overruled and defendant appeals.

Plaintiff in his petition alleged that he was employed on June 15, 1956, as manager of defendant's Wichita office; that he was to receive a salary of $500 per month for his services and in addition was to receive five percent of the gross charges placed upon the books of the defendant corporation during the period of the first year from June 15, 1956, to and including June 15, 1957. Plaintiff further alleged that he continued to represent defendant corporation as general manager until May 15, 1957; that during said time he received the $500 salary, and that accumulated charges were placed upon the books of defendant company in the approximate sum of $110,000; that under the terms of his contract of employment he was entitled to receive an additional $6,000 above his monthly income. Plaintiff alleged that on May 15, 1957, plaintiff was discharged to avoid payment of the $6,000, and asks judgment for this sum on his first cause of action.

Plaintiff had a second cause of action based upon G. S. 1949, 44-301 and 44-302. His right to recover on this cause would seem to depend at best upon his recovery on the first cause of action.

Defendant by its answer admitted the employment at the salary of $500 per month but alleged the bonus to have been based upon two percent of the net profits of the Wichita office before taxes, and that there had been no profit during plaintiff's tenure of office.

Defendant further alleged:

"5. The defendant further alleges that on May 13, 1957, said plaintiff was paid the sum of $220.27, representing the balance of monthly wages due him. In addition thereto, this defendant further paid to the plaintiff an additional sum in the amount of $220.27, the latter representing severance pay in full for any and all existing claims of the plaintiff against this defendant. That said sum was paid by Certified Credit Corp. draft No. 8037. That in connection therewith, this defendant at the time of the issuance and tender of said check typed upon the back of the same the following:

'Severance pay in full for all claims against Certified Finance Inc.'

That a copy of said draft is hereto attached and by reference made a part hereof. That the plaintiff herein accepted check No. 8037 with full knowledge and understanding of defendant's conditions and did thereafter endorse and negotiate the same for his own use and profit; that plaintiff's acceptance, retention and use of said moneys constituted complete accord and satisfaction of any existing obligations herein."

Plaintiff filed a reply which, omitting the prayer, was as follows:

"REPLY

"Comes now the plaintiff and for his reply to the Answer of the defendant herein filed, denies each and every, all and singular the allegations therein set forth that are contra to the allegations, averments and statements set forth in plaintiff's Petition.

"Further replying, plaintiff specifically denies the allegations, averments and statements set forth in defendant's Answer in Paragraphs 4 and 5 except as hereinafter admitted.

"Plaintiff admits that under his agreement with the defendant as compensation for his services he was to receive $500.00 per month exclusive of any percentage of the gross charges placed upon the books of the corporation during the period of the first year from June 15, 1956, to and including June 15, 1957, and alleges that he was paid semi-monthly the sum of $220.27 which represented his take-home pay after proper deductions were taken out of his $500.00 monthly salary, and plaintiff further admits that on May 13, 1957, he was paid the sum of $220.27 and in addition thereto plaintiff was paid an additional sum of $220.27 severance pay and upon the check representing the $220.27 payment there was an endorsement reciting 'severance pay in full for all claims against Certified Finance, Inc.' and in connection therewith plaintiff specifically alleges and informs the court that plaintiff had at the time of the acceptance of said severance check two separate and distinct claims against defendant dependent upon different facts, one of which namely, the amount of salary was undisputed and the other of which was a dispute over the amount of the percentage of the gross charges placed upon the books of the corporation during the period of the first year from June 15, 1956, to and including June 15, 1957, and the aforesaid check of $220.27 bearing the endorsement as above stated was only in satisfaction of the undisputed claim and was not intended to bar the plaintiff of any right to his claim for the additional percentage pertaining to the gross charges, and plaintiff specifically denies that his acceptance of said check bearing No. 8037 and his retention and use of the monies derived therefrom constituted an accord and satisfaction of any amount due him by virtue of his contract to receive 5 percent of the gross charges placed upon the books of the corporation as aforesaid."

The defendant filed a general demurrer to the above reply which the district court overruled, and which defendant has now appealed to this court.

The sole question is whether the reply shows that plaintiff's cause of action is barred by an accord and satisfaction.

The terms accord and satisfaction have been defined in the cases as being a contract which composes a dispute between the parties and ends the dispute under the terms of the new contract.

In *Lighthouse for the Blind v. Miller*, 149 Kan. 165, 86 P. 2d 508, the first paragraph of the syllabus reads:

"An accord is a contract between creditor and debtor for the settlement of the claim by some performance other than that which is due. Satisfaction takes place when the accord is performed."

Again in the late case of *Manning v. Woods, Inc.*, 182 Kan. 640, 324 P. 2d 136, in the second paragraph of the syllabus the terms are defined as:

"An accord and satisfaction is the adjustment of a disagreement as to what is due from one party to another and the payment of the agreed amount."

In the case at bar it is shown without dispute that the parties to this appeal were having a disagreement as to the right of the plaintiff in his contract for compensation over and above his agreed monthly salary. The defendant having terminated the employment paid plaintiff one check covering all of plaintiff's salary up until the time of the severance of the employment, and then in addition thereto tendered him a second check for $220.27, the same amounting to his take home pay for two additional weeks thereafter. On. the back of this check was endorsed: "Severance *pay in full for all claims* against Certified Finance Inc." (Italics supplied.)

The syllabus in the case of *Hoop v. Kansas Flour Mills Co.*, 124 Kan. 769, 262 Pac. 544, reads as follows:

"Where a creditor and debtor have a dispute as to the amount of a debt, and the debtor remits checks for the amount of what he contends the debt to be, intending such remittance to be in full payment thereof, and the creditor accepts and knowingly retains the amount thus remitted, the legal consequence is that of an accord and satisfaction, notwithstanding the creditor immediately wrote to the debtor stating that he had deposited the checks, indorsed under protest, and that he expected the debtor to pay him the balance claimed by him to be still due from defendant."

The reply admits that plaintiff received the above described check with the endorsement thereon, endorsed the check, cashed the same, and used the proceeds thereof. The majority of the court holds that the admitted facts of the reply show that plaintiff had accepted payment for all of his claims for compensation against the defendant and had become a party to an accord and satisfaction. The demurrer to plaintiff's reply should have been sustained and the order of the district court in that connection must be reversed.

It is so ordered.

JACKSON, J., dissenting: Since I believe the reply in this case is sufficient to raise questions of fact as to whether an accord and satisfaction as to "all claims" was consummated between the parties, I feel constrained to dissent from the majority opinion.

First, the reply is entitled to all presumptions and inferences in favor of the pleader when attacked by a demurrer. (Hatcher's Kan. Dig., Pleading sec. 35; West Kan. Dig., Pleading sec. 192 [2] *et seq.*) Secondly, the plea of an accord and satisfaction is an

affimative defense which must be pleaded, and if denied by plaintiff, proved by the defendant. (*Hines v. Roberts Bros.,* 117 Kan. 589, at page 592, 232 Pac. 1050; *Record Corporation of America v. Irwin,* 179 Kan. 546, 297 P. 2d 209.)

It must be admitted that the reply is a somewhat peculiar pleading. It begins with a general denial. Then, it specifically denies paragraphs 4 and 5 of the answer "except as hereinafter admitted." Certain argumentative facts are then alleged in which the pleader argues that no accord and satisfaction occurred, ending with another specific denial that the acceptance of the check constituted an accord and satisfaction as to his claim for five percent of the gross charges placed upon defendant's books. This last part of the reply seems similar to a negative plea somewhat in vogue during the common law practice, that of the *special traverse.* This plea was to be distinguished from that of a *common traverse* (a specific denial) and also from the *general issue* (now represented by the general denial).

Normally, the *special traverse* began with the allegation of certain facts inconsistent with the allegations of the opposite party and constituting an argument that opponent's allegations were incorrect; then the words "*absque hoc*" were used to introduce a direct denial of opponent's allegations.

It is submitted that given a favorable construction, the plaintiff's reply can be fairly summarized as follows: There were two claims between plaintiff and defendant; the check was intended and accepted as only settling all claims as to fixed salary and was not intended to settle plaintiff's claim for a five percent commission on the gross charges, *absque hoc* plaintiff specifically denies that the acceptance of the check constituted an accord and satisfaction of his claim for the commission. Of one point, we may be absolutely certain, the reply is not insufficient because the words "*absque hoc*" were omitted.

It must be remembered that to constitute an accord and satisfaction there must have existed a real agreement, understanding, or "meeting of the minds." Some actual consideration must have passed between the parties. The reply would seem to raise issues of fact as to both of these questions. (See *Lighthouse for the Blind v. Miller,* 149 Kan. 165, at page 167, 86 P. 2d 508; *Robinson v. Hollenbeck,* 159 Kan. 372, at page 377, 155 P. 2d 417; and *Manning v. Woods, Inc.,* 182 Kan. 640, 324 P. 2d 136.)

Therefore, the learned trial judge was correct in overruling defendant's demurrer.

I am authorized to state that Mr. Justice Wertz joins in the foregoing dissenting opinion.