No. 41,959

DAVID MANNING, *Appellant,* v. WOODS, INC., a Corporation, *Appellee.*

(357 P. 2d 757)

Opinion filed December 10, 1960.

*J. D. White, William L. Fry* and *John D. McBride,* all of Wichita, were on the briefs for the appellant.

*Wayne Coulson,* of Wichita, argued the cause, and *Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Robert J. Hill, Gerrit H. Wormhoudt, Philip*

*Kassebaum, John E. Rees, Robert T. Cornwell,* and *Willard B. Thompson,* all of Wichita, were with him on the briefs for the appellee, and *Hugo T. Wedell,* of Wichita, of counsel.

The opinion of the court was delivered by

PARKER, C. J.: This is an action to recover damages, alleged to have resulted from the breach of an oral contract of employment for personal services. The trial court sustained a demurrer to the plaintiff's evidence and he has appealed from that order.

In a prior appearance of the case, reported in *Manning v. Woods, Inc.,* 182 Kan. 640, 324 P. 2d 136, this court reversed the district court's action in sustaining defendant's motion for judgment on the pleadings and remanded the cause with directions to proceed with the trial, on the basis issuable facts were joined which, when given the benefit of all inferences to which they were entitled in ruling on such a motion, precluded a conclusion that plaintiff's acceptance of defendant's check, as pleaded in its answer, constituted an accord and satisfaction of his claim as a matter of law.

Our opinion disposing of the above mentioned appeal contains an accurate recital and résumé of the allegations of the pleadings filed by the parties and the summarization of such allegations is sufficient to give readers of this opinion a full and complete understanding of the general factual picture and all but one of the issues here involved. Therefore the factual statement set forth at pages 640 to 642, incl., of the opinion in 182 Kan. 640, is made a part of this opinion by reference and should be read at this point by its readers for informative purposes. Supplementing, what is there stated, it should be said that by way of an additional defense defendant's answer alleged that if plaintiff was employed for a term of at least one year, which it specifically denied, then the contract of employment relied on by him for recovery was unenforceable under the statute of frauds of this state, specifically G. S. 1949, 33-106, as an oral agreement not to be performed within one year of the making thereof.

After our first decision the case again came on for trial in the district court of Sedgwick County on issues joined by the pleadings heretofore mentioned. There, following the introduction of plaintiff's evidence, the defendant's demurrer to such evidence was sustained and judgment rendered for the defendant. This appeal, where the only error specified is the sustaining of the demurrer, followed.

The primary question presented is whether the evidence discloses that appellant's cause of action is barred by an accord and satisfaction. This, in view of the record presented, must be determined from statements made by him while testifying as a witness in his own behalf.

Highly summarized, portions of the record decisive on this point may be stated in substance thus:

That on December 28 or 29, 1954, appellant was called to the office of appellee's diamond buyer where such buyer told appellant he had been instructed by the appellee to let him go; that appellant protested he had a contract for a year; that after some further conversation, definitely indicating his service with appellee was being terminated and that appellee was hiring another man to take his place commencing in January, appellant was handed his regular salary check to December 31, 1954; that at the same time, accompanied by the diamond buyer's statement he also had another check for him for one more week, he was also handed a second check for the sum of $209.60; that this sum amounted to additional salary for a week, less social security and withholding taxes; that endorsed on the face of this check was a typewritten statement "This check is in full settlement of account as shown herein. Acceptance by endorsement constitutes receipt in full."; that written on the back of such check, just above the place for endorsement was the statement "Salary in full for all services."; that appellant accepted the check for $209.60, obliterated the statement placed on the back thereof by appellee, and attempted to cash it at the bank; and that after the bank officials had talked with appellee's president by telephone, the bank refused to cash the check.

Following his unsuccessful effort to cash the first check appellant went back to appellee's place of business and was handed a substitute check by its secretary. Except for one change, this check was identical in all particulars with the check the bank had refused to pay, the change being in the statement appearing just above the place for endorsement. That statement had been changed to read "Salary in full for all services & expenses."

After accepting the substitute check, in form as above indicated, appellant endorsed the same, without obliterating anything that appeared thereon, and cashed it. When testifying on cross-examination in connection with his information and knowledge, at the

time he endorsed the check and cashed it, we quote from the record.

"Q. You knew that statement didn't belong on there, you testified?

"A. I knew that it had no right to be there.

"Q. All right, and you knew that by putting it there, 'Mr. Raskin,' in your own words, 'was pushing it over on me,' is that right?

"A. He was breaching this contract.

"Q. You knew by putting those words on there, he was breaching the contract, is that your answer?

"A. I felt he was trying to throw me out and get away from that contract . . ."

In our opinion the facts and circumstances, heretofore incorporated by reference and those herein expressly stated, make it clearly appear that the trial court's action in sustaining the involved demurrer to the evidence must be upheld on the authority of our decision in *Mitchell v. Certified Finance, Inc.,* 183 Kan. 787, 332 P. 2d 516, where, under conditions far less favorable to a conclusion the plaintiff there had accepted payment for all of his claims for compensation against the defendant under an employment contract and had become a party to an accord and satisfaction, we held:

"Where plaintiff was employed as manager of defendant's office at an agreed monthly salary plus a right to a commission based upon the business done, a dispute arose as to the basis of plaintiff's commission and whether any amount was due and owing plaintiff. In an action begun to recover plaintiff's alleged commission, defendant set up in its answer the issuance of a check bearing on the back thereof the words, 'Severance pay in full for all claims against Certified Finance, Inc.,' and contended that same constituted an accord and satisfaction. Plaintiff's reply admitted receipt of the described check and the acceptance of the same, together with other allegations. *Held:* The reply was insufficient as against a demurrer filed thereto." (Syl.)

And in the opinion, with reference to the rule to be applied in accord and satisfaction cases generally, said:

"The syllabus in the case of *Hoop v. Kansas Flour Mills Co.,* 124 Kan. 769, 262 Pac. 544, reads as follows:

" 'Where a creditor and debtor have a dispute as to the amount of a debt, and the debtor remits checks for the amount of what he contends the debt to be, intending such remittance to be in full payment thereof, and the creditor accepts and knowingly retains the amount thus remitted, the legal consequence is that of an accord and satisfaction, notwithstanding the creditor immediately wrote to the debtor stating that he had deposited the checks, indorsed under protest, and that he expected the debtor to pay him the balance claimed by him to be still due from defendant.' " (p. 790.)

What has been heretofore stated and held is sufficient to end this lawsuit. However, it should perhaps be stated that it is our considered judgment the trial court could properly have sustained the demurrer to the appellant's evidence on the ground the agreement in question was an agreement, not in writing, which could not be performed within the space of one year from the making thereof and because of the statute of frauds (G. S. 1949, 33-106) an action for its breach could not be maintained. Without laboring the record it may be said the evidence on the point makes it clear the oral contract relied on by appellant was consummated on October 1, 1954, and the term of employment for one year was to begin in two weeks and continue thereafter for a period of one year. In such a situation the law of this state is well-established. See *Newbanks v. Ash Grove L. & P. C. Co.*, 127 Kan. 89, 272 Pac. 112, where it is held:

"A parol contract of employment for one year, to begin at a future date, is unenforceable under R. S. 33-106. (Now G. S. 1949, 33-106.)" (Syl.)

See, also, *Heine v. First Trust Co.*, 141 Kan. 370, 41 P. 2d 767.

For decisions from foreign jurisdictions of like import see 114 A. L. R. (Anno.) pp. 418, 419.

Moreover, part performance of an oral contract for employment, not to be performed within a year, does not take it out of the operation of the statute of frauds. That doctrine applies only to contracts relating to land.

See, e. g., *Osborne v. Kimball*, 41 Kan. 187, 21 Pac. 163, where it is said:

"A parol contract that is not to be performed within a year from the making thereof, and not relating to land, is not enforceable or taken out of the operation of the statute of frauds by a part performance, as that equitable doctrine applies only to contracts relating to land." (Syl. § 1.)

See, also, *Sturm v. Continental Oil Co.*, 131 Kan. 518, 522, 292 Pac. 774; *Heine v. First Trust Co.*, supra, 376.

And see foreign decisions listed in 6 A. L. R. 2d (Anno.) pp. 1067, 1074.

The trial court's action and judgment in sustaining the demurrer to appellant's evidence is affirmed.