RIVERSIDE TOWNSHIP, *Appellee,* v. ROBERT L. BAILEY *et al., Appellants.*

No. 16,407.

SYLLABUS BY THE COURT.

1. DEMURRER—*Petition Containing Several Counts—Sufficiency of Each Count.* Where a pleading consists of more than one count each count must, as against a general demurrer, be considered as if standing alone and constituting the entire pleading.

2. ——— *Same.* In such a case neither facts involved in the action nor the averments of another count, unless incorporated by reference into the pleading demurred to, can properly be considered upon such hearing.

3. WAIVER—*Erroneous Denial of New Trial—Refusal of Applicant to Specify Errors.* Where, upon the hearing of a motion for a new trial, the court requests the applicant to

point out specifically the defects complained of, and such applicant declines and neglects to do so, such failure will be regarded as a waiver of any error committed by the court in denying such motion.

Appeal from Trego district court; JACOB C. RUP-PENTHAL, judge. Opinion filed May 7, 1910. Affirmed.

*A. D. Gilkeson,* and *E. H. Hogueland,* for the appellants.

*John E. Hessin,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced by the township of Riverside, Trego county, in the district court of that county, to recover moneys received by defendant Bailey as township trustee and not accounted for. The action was upon the official bond of the trustee, Robert L. Bailey, and his sureties, C. P. True and John W. Green. Upon the trial a verdict was returned against the defendants for the sum of $326.69, and a judgment was entered accordingly. From this judgment the defendants appeal.

A demurrer to the petition of the township was filed by the defendants and was overruled. This ruling of the court is claimed to be erroneous. The petition consisted of two counts, one covering the period extending from the time Bailey was appointed to the office of trustee until his subsequent election thereto, and the other covering the term for which he was elected.

It is conceded that the first count, when considered alone, is sufficient; but it is insisted that the averments of the other count and certain facts disclosed by the evidence should have been considered in connection with such first count, in which case that count would be so modified that a demurrer would lie against it, and therefore the demurrer ought to have been sustained.

Of course this theory can not be sustained, as every count or cause of action in a pleading must, as against a demurrer, stand  or fall upon its own averments. (*Butler v. Kaulback,* 8 Kan. 668; *L. N. & S. Rly. Co. v. Wilkins,* 45 Kan. 674; *Gilchrist v. Schmidling,* 12 Kan. 263.)  Besides, a demurrer to the petition is heard and decided before any testimony is presented and when it would be impossible for the court to know what facts would be shown upon the trial.  We think that the counts, when considered as the court must have considered them, are sufficient, and that it was right in overruling the demurrer.

The case as presented consisted of a long account of receipts and disbursements of cash and was peculiarly appropriate for the consideration and decision of a jury, and we are unable to see where any just criticism can be made to the verdict.  If we were in any doubt as to whether or not the judgment of the district court should be affirmed, the action had upon the hearing of the motion for a new trial would remove that doubt.  During this hearing the defendants were challenged to point out to the court wherein the verdict was excessive or erroneous, as alleged in the motion.  This they declined and failed to do, and the court for this reason denied the application.  This refusal on the part of the defendants' attorney was alone sufficient to justify the court in denying the motion for a new trial, and sufficient to constitute a waiver of any error which the court might have committed in the decision.  It is the duty of every attorney engaged in the presentation of a cause to a court to assist in reaching a just conclusion, by stating fully and frankly to the court, when requested, all that he knows about the question under consideration.  With such a statement the court might be able to grant the relief at once and save further delay and expense.  A court has the right, upon such an application, to have the

errors complained of pointed out fully and clearly, and concealment or evasion of pertinent facts by the attorney is a violation of professional duty which will justify a refusal of the order requested. (*The State v. Everett,* 62 Kan. 275; *The State v. Balliet,* 63 Kan. 707, 710.)

We see no error, and the judgment of the district court is affirmed.