No. 31,846

THE ALLEN COUNTY STATE BANK OF IOLA, *Appellee,* v. CLYDE WILSON, *Appellant.*

(37 P. 2d 1002)

Opinion filed December 8, 1934.

*David Ritchie,* of Salina, for the appellant.

*Frederick G. Apt, A. R. Enfield,* both of Iola, *C. L. Kagey, Hal M. Black* and *L. M. Kagey,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action by a bank against two makers

of a note. Judgment by default was taken against one of the defendants, and the other answered pleading three defenses. The trial court sustained a general demurrer of the plaintiff to the answer, and the defendant appeals from that ruling.

The first defense was a general denial of all the allegations of the petition except that defendant admitted that he signed the note in question. The second defense was that the note was an accommodation note, that he received no consideration therefor, and was assured that it was a mere matter of form and he would never be called upon to pay it or any part of it. It was further alleged that at the time he signed the note these promises were made to him by the president of the bank, who was fully authorized by the plaintiff bank to make these statements and representations to induce him to sign the note, that the president falsely and fraudulently promised and represented that the plaintiff bank would protect him against any liability thereon, that defendant relying upon such promises signed the note, that the president well knew that said promises and representations were false and untrue and were made for the purpose of cheating and defrauding this defendant, that the president, so acting for the bank, did not intend that the plaintiff bank should perform or carry out the promises or representations, but proceeded with the fraudulent purpose and intention on the part of the bank of inducing him to sign the note and holding him liable thereon.

The third defense is that plaintiff induced the defendant to purchase an undivided quarter interest in a certain oil and gas lease on a certain tract of land, agreeing to look after the payment of the rentals upon the same and see that the payments were promptly made, that the plaintiff bank failed and neglected to do so, that notwithstanding the defendant paid to the bank his share of the rental, it allowed the lease to become forfeited for nonpayment of rentals to the damage of his interest in said lease amounting to $2,000 at the time of the forfeiture.

The appellant urges that the second defense was not merely that the note sued on was an accommodation note, but that it was signed by defendant's being induced to do so by false and fraudulent representations made by the president of the plaintiff bank, being fully authorized by the plaintiff bank so to do, without any intention at the time that the plaintiff bank should perform or carry out any of the promises so made. These allegations bring this second defense

well within the decision in the case of *El Dorado Nat'l Bank v. Eikmeier*, 133 Kan. 412, 300 Pac. 1085.

"A promise to do something in the future, by which the promisor obtained something of value, if the promisor had no intention of performing his promise at the time he made it, amounts to deceit and actionable fraud." (Syl. ¶ 3. See, also, language of the opinion on page 420, and *Shriver v. National Bank et al.*, 117 Kan. 638, 232 Pac. 1062.)

Appellee contends this decision is not applicable because the notes concerned therein were nonnegotiable, being given in payment of shares of stock, and that there was something to be performed in the future, whereas in the case at bar the note is negotiable and there is no promise of future performance. We think there can be false and fraudulent representations to induce the signing of a negotiable note as well as a nonnegotiable note, and if there was no intention at the time to perform or carry out the promise that defendant would never be called upon to pay the note, it is a promise to be performed in the future.

Appellee cites among other cases that of *Bank v. Watson*, 99 Kan. 686, 163 Pac. 637, which plainly limits the defense on an accommodation note. But that case entirely lacked the element of the representations being false and fraudulent.

Appellee also urges the rule as to banks not being liable for the unauthorized transactions of its officers, citing *Discount Co. v. Bank*, 101 Kan. 253, 166 Pac. 476, and other decisions on that subject, but in the answer we are considering there were allegations that the president of the bank was fully authorized by the bank to make these promises and representations, and for the purpose of the demurrer to the answer those allegations must be taken as true. See in this connection the decision in the case of *Kelly v. Insurance Co.*, 101 Kan. 91, 165 Pac. 806.

We have no hesitancy in concluding that the second defense of the answer is a good and complete defense to the liability of the defendant on the note and for that reason the demurrer to the answer should have been overruled.

The demurrer was not to any separate or particular part or portion of the answer, but to it as a whole, and if any part of the answer constitutes a good defense the demurrer should be overruled. It will therefore be unnecessary to separately consider the first and third defenses of the answer at this time.

The judgment is reversed, and the cause is remanded with instructions to overrule the demurrer to the answer.