No. 38,754

THE ARTESIAN VALLEY WATER CONSERVATION ASSOCIATION, Unincorporated, and J. E. LOCKHART (BELLE M. LOCKHART, MILDRED HANTLA, PEARL LOCKHART, BERNICE RAFTER and J. E. LOCKHART, JR., substituted for J. E. Lockhart, deceased), *Plaintiffs,* v. THE DIVISION OF WATER RESOURCES and ROBERT V. SMRHA, Chief Engineer of the Division of Water Resources, *Defendants.*

(255 P. 2d 1015)

Opinion filed April 11, 1953.

*Donald C. Smith,* of Dodge City, argued the cause, and *Frederick Hall,* of Dodge City, was with him on the briefs for the plaintiffs.

*Warden L. Noe,* special assistant attorney general, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the defendants.

The opinion of the court was delivered by

THIELE, J.: This is an original proceeding in mandamus to compel the chief engineer of the division of water resources to issue a certificate of vested rights to plaintiff Lockhart and in which a declaratory judgment is sought.

In a preliminary way it may be said that since the filing of the action and its submission to this court for determination, the plaintiff Lockhart has died. Upon proper showing made, the cause, insofar as he is concerned, has been revived in the name of his heirs at law who have been substituted as parties plaintiff. Insofar as

plaintiff, The Artesian Valley Water Conservation Association, is concerned we note that it is an unincorporated body and has no standing to maintain any cause of action, and further, that an examination of the motion for an alternative writ of mandamus discloses no facts that it would be entitled to any relief and as to it the action is dismissed.

When the motion for the writ was filed an alternative writ of mandamus issued. Thereafter the defendants filed their answer denying each and every allegation contained in the alternative writ except such as are specifically admitted. Thereafter the plaintiffs moved the court for judgment and the cause is submitted on that motion. In *Hirt v. Bucklin State Bank*, 153 Kan. 194, Syl. ¶ 3, 109 P. 2d 171, it was held that:

"The propriety of a motion for judgment on the pleadings is to be determined on the sufficiency of the pleadings against which the motion is leveled, and for such determination the pleadings of the moving party are to be ignored."

See also *Ryan v. Ryan*, 156 Kan. 348, Syl. ¶ 1, 133 P. 2d 119, and *Bailey v. Mosby Hotel Co.*, 160 Kan. 258, 160 P. 2d 701, where the same rule is followed. Under the circumstances we consider only the facts pleaded in the answer or admitted by it.

Before taking up the allegations of the answer, it may be said that plaintiffs seek relief under the provisions of chapter 390 of the Laws of 1945, which appear as G. S. 1949, 82a-701, *et seq.* In view of our conclusion hereafter stated, it is unnecessary that we attempt any review of the entire statute, the general purpose of which, as disclosed by its title, is to conserve, protect, control and regulate the use, development, diversion and appropriation of water for beneficial and public purposes and to prevent waste and unreasonable use of water. In *State, ex rel., v. Knapp*, 167 Kan. 546, 207 P. 2d 440, constitutionality of the act was upheld as against objections there considered. The present proceeding raises no question of constitutionality.

References hereafter made are to the General Statutes of 1949 and we shall note only the chapter and section numbers. In 82a-701 will be found definitions of words used in later sections of the act, including the words "vested right." 82a-702 declares that all water within the state is dedicated to the use of the people of the state, subject to control and regulation as prescribed in the act. 82a-703 declares that subject to vested rights, all waters within the state may be appropriated for beneficial use, but nothing in the act shall

impair the vested right of any person except for nonuse. The section of present importance is 82a-704, which reads:

"As soon as practicable after the passage of this act, the chief engineer or his authorized representatives shall proceed with the necessary steps to gather data and other information ás may be essential to the proper understanding and determination of the vested rights of all parties using water for beneficial purposes other than domestic. Such observations and measurements shall be reduced to writing and made a matter of record in his office.

"The chief engineer shall then make an order determining and establishing the rights of all persons making beneficial use of water on the effective date of this act and the then extent of their uses and shall notify all such work users as to the contents of such order. Service of such notice shall be deemed complete upon depositing such notice in the post office as registered mail addressed to such water user at his last known post-office address. The order of determination of the chief engineer shall be in full force and effect from the date of its entry in the records of his office unless and until its operation shall be stayed by an appeal therefrom by such user to the district court of the county in which the point of diversion of such use is located. All such appeals from the order of the chief engineer must be filed within sixty days after posting and mailing of the notice of such order of determination."

Although many other facts are pleaded, for present purposes and in view of the rule for consideration above stated, we note that Lockhart owned particular real estate and is a water user as those words are contained in the statute and that on September 20, 1950, the chief engineer after having gathered data and other information essential to the proper understanding and determination of vested rights found that such determination did not show that Lockhart had any vested right. There is no claim made that such order was ever served upon Lockhart. On February 2, 1951, Lockhart furnished the chief engineer a statement entitled "Information Submitted to Aid in the Determination of Vested Right to Beneficial Use of Water." Thereafter the chief engineer made a field inspection and tour of the basin in which Lockhart's land lies and of Lockhart's premises and under date of June 12, 1951, found and determined that Lockhart was not entitled to and did not have any vested right for the beneficial use of water on his real estate. It appears from the defendants' answer that the chief engineer mailed a copy of the order of June 12, 1951, to Don Smith, attorney for Lockhart, but there is no allegation that the chief engineer, as directed by the statute quoted above, ever deposited such notice "in the post office as registered mail addressed to such water user at his last known post-office address."

Without fully reviewing the statute as quoted above, it is clear

it provides for an appeal, and that such appeal must be filed within sixty days "after posting and mailing of the notice of such order of determination." Factually it appears that service of the notice was never completed in a statutory manner. The result is that Lockhart, the water user, has never been placed in a position where he must have appealed, and thus have exhausted his remedy in the ordinary course of the law.

That however does not mean that because the chief engineer failed to give notice in the statutory manner that Lockhart may come into this court and procure a writ of mandamus compelling the chief engineer to issue to him a certificate of vested rights. Whether he is entitled to such a certificate is primarily to be determined by the chief engineer and not by the court. The court may compel the chief engineer to exercise his judgment but it cannot control his judicial discretion by mandamus (G. S. 1949, 60-1701). The code of civil procedure provides that the writ of mandamus shall not issue in any case where there is a plain and adequate remedy in the ordinary course of the law (G. S. 1949, 60-1702). Lockhart, while not entitled to a writ commanding issuance to him of a certificate of vested right, is entitled to a limited writ that the chief engineer serve notice in the manner provided by the statute of his order of determination, in order that an appeal may be taken by the water user and compliance had with the administrative procedure set forth in the statute.

We have heretofore noted the death of Lockhart, the water user, and the revivor of the action in the names of his heirs who have been substituted as plaintiffs. Because service of the notice as above mentioned cannot be made upon Lockhart, we direct that it be served upon his heirs in the same manner as though they were the water users at all times mentioned above.

It is ordered that a peremptory writ of mandamus issue to the chief engineer of the division of water resources, directing him to give notice of his order of June 12, 1951, to the heirs of J. E. Lockhart, namely Belle M. Lockhart, Mildred Hantla, Pearl Lockhart, Bernice Rafter and J. E. Lockhart, Jr., in the manner provided by G. S. 1949, 82a-704.

SMITH, J., not participating.