No. 39,179

FRANCES DRURY, *Appellant,* v. STATE HIGHWAY COMMISSION OF KANSAS, A Corporate Body, *Appellee.*

(265 P. 2d 1022)

Opinion filed January 23, 1954.

*Donald C. Little,* of Kansas City, argued the cause, and *Martin C. Crawn* and *Frank L. Bates,* both of Kansas City, were with him on the briefs for appellant.

*Henry L. Daniels,* of Topeka, argued the cause, and *Mason Mahin,* assistant attorney general, of Smith Center, was with him on the brief for appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action for damages for personal injuries alleged to have been sustained by reason of a defect in the state highway. Plaintiff seeks to maintain the action under our statute G. S. 1949, 68-419, which, generally speaking, authorizes such an action when plaintiff is free from negligence which contributed to the injuries and the other necessary facts are shown. Defendant answered with a general denial and a specific plea of contributory negligence under four paragraphs. Plaintiff filed a reply which is a general denial of new material alleged in the answer. The case came on for trial and a jury was duly impaneled and sworn and plaintiff's counsel made an opening statement. Whereupon, defendant moved for judgment on the pleadings and the opening statement. This motion was sustained and judgment granted for defendant. Plaintiff has appealed.

It is well settled that a motion for judgment on the pleadings cannot be sustained when issues of fact upon which a judgment might be based are joined by the pleadings. See, *Ewing v. Pioneer Nat'l Life Ins. Co.,* 158 Kan. 371, 147 P. 2d 755, and authorities there cited.

No judgment can be rendered on an opening statement unless the party making it has admitted some fact which precludes recovery under the issues made by the pleadings. See, *In re Estate of Modlin,* 172 Kan. 428, 437, 241 P. 2d 692, and authorities there cited.

In the opening statement in this case it cannot be said that was done. In fact, it was about as indefinite a statement as to time, distances and events as could be made.

In this court counsel for appellee, in support of the trial court's judgment, has argued very earnestly that the alleged defect in the highway was not one for which recovery can be had and more particularly that both the petition and the opening statement show plaintiff to have been guilty of negligence which contributed to her injuries. The difficulty with that argument is that issues have been joined upon those matters. While it is quite possible the same result may be reached in a trial, we feel compelled to hold that judgment for defendant was not justified under the state of the record and that the judgment of the trial court should be reversed.

It is so ordered.