No. 39,538

IDA M. EDWARDS, MAURICE J. EDWARDS, JOHN EDWARDS, JR., CLARK H. EDWARDS, RUTH B. EDWARDS and GEORGE KRATZER, *Appellees,* v. SOLAR OIL CORPORATION, a Corporation, *Appellant.*

(277 P. 2d 614)

Opinion filed December 11, 1954.

*Ferd E. Evans, Jr.,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing,* and *Ralph R. Brock,* all of Wichita, were with him on the briefs for the appellant.

*Paul L. Aylward,* and *George D. Miner,* both of Ellsworth, were on the brief for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Joint owners of land and their agricultural tenant instituted an action against the assignee of an oil and gas lease to recover damages alleged to have resulted from the removal of oil and gas leasehold fixtures and equipment from the land, after abandonment of the oil and gas lease.

Defendant, Solar Oil Corporation, appeals from the order overruling its demurrer to the amended petition.

The amended petition was based on three separately stated counts. The first, in substance, alleged:

Plaintiffs (other than the agricultural tenant) were the owners of the land subject to two leases, the first being the oil and gas lease executed in 1934, and the second being the agricultural lease to plaintiff George Kratzer in August, 1950; defendant removed part of the equipment from the land; it failed to remove concrete blocks, debris, pipe, and other equipment and failed to restore the premises to a condition suitable for agriculture and farming purposes; such articles were buried in the ground at various depths less than plow depth and interfered with and prevented the use of the ground for farming purposes; the agricultural tenant, by the terms of his

oral lease, was entitled to two thirds and the landowners to one third of crops raised on the land.

The oil and gas lease was made a part of the first count. Terms of that lease pertinent to the first cause of action read:

"Lessee *shall have the right at any time* to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing."

. . . . . . . . . . . . . . . .

"When *requested by the lessor*, lessee shall bury his pipe lines below plow depth." (Our italics.)

A separate written agreement between the landowners and appellant under date of April 7, 1952, was also made a part of the first cause of action. The agreement was in the form of a letter from appellant to the landowners, to the terms of which the landowners agreed. In it appellant reserved its right to remove the balance of the equipment but agreed to remove it by May 13, 1952, and to pay the landowners a designated rental until that date. It also was agreed if the lease house and other equipment were not removed by May 13, 1952, appellant would pay the landowners a monthly sum until they were removed.

It was alleged appellant removed some of the equipment prior to May 13, 1952, and buried what remained in the manner and with the result previously stated.

The second count incorporated the facts previously alleged in the first count and sought recovery for loss of use of the land from May 13, 1952, to November 1, 1952, by reason of appellant's failure to remove the articles mentioned in the first count by May 13, 1952, or to bury them at a sufficient depth to permit the farming of the premises.

The third count likewise incorporated the facts alleged in the first count, heretofore stated, and alleged destruction of four acres of growing wheat in connection with drilling operations in October and November of 1950; that under the terms of the oil and gas lease appellant was liable for all damages to crops caused by its operations on the land.

The grounds of appellant's demurrer to the amended petition were: (1) Improper joinder of causes of action; and (2) no cause of action was stated against appellant. Specified as error are also the order overruling appellant's motion to make the amended petition definite and certain and its motion to strike certain portions thereof or, in the alternative, to make such portions definite and certain. The motions involved the first and second counts.

In our view of the ruling on the general demurrer, which will presently appear, we need not treat the rulings on such motions. Our attention will be directed first to the overruling of the general demurrer. It will be observed it was not leveled at any specific count but, on the contrary, challenged the sufficiency of the amended petition as a whole. We have no hesitancy in concluding a cause of action was stated for damage to the wheat crop in the third count. The oil and gas lease expressly provided for such liability. Moreover, appellant concedes the third count stated a cause of action.

Where a petition framed in one count alleges several grounds for the relief sought, a general demurrer is not sustainable if any alleged ground warrants such relief. (*Bichel v. Oliver*, 77 Kan. 696, 95 Pac. 396; *Riverside v. Bailey*, 82 Kan. 429, 108 Pac. 796; *Butler v. Rude*, 162 Kan. 588, 595, 178 P. 2d 261.)

One of the real purposes for requiring a pleader to separately state and number his alleged causes of action or defenses is to give the adverse party an opportunity to challenge the sufficiency of the separate causes of action or defenses before a trial of the action. In this jurisdiction it was early held every count or cause of action in a pleading must, as against a general demurrer, stand or fall upon its own averments and that each count, when the entire petition is challenged by such a demurrer, must be considered as if standing alone and as constituting the entire pleading. (*Riverside v. Bailey*, supra, and cases therein cited.) The same rule is applied with respect to a general demurrer to an answer which contains a number of separate defenses. Where one of the defenses is good, a general demurrer to the answer is overruled. (*Munn v. Taulman*, 1 Kan. 254; *Rust v. Rutherford*, 95 Kan. 152, 147 Pac. 805; *Allen County State Bank v. Wilson*, 140 Kan. 577, 37 P. 2d 1002.) In the last cited case, it was said:

"The demurrer was not to any separate or particular part or portion of the answer, but to it as a whole, and if any part of the answer constitutes a good defense the demurrer should be overruled. It will therefore be unnecessary to separately consider the first and third defenses of the answer at this time." (p. 579.)

It follows the order overruling the general demurrer to the petition as a whole must be sustained irrespective of whether count one or two states a cause of action.

The instant action has not yet been tried. Insofar as we know now appellees ultimately may not rely on each count. If appellant

desired to obtain a ruling on the sufficiency of each count it should have demurred thereto separately. Not having done so, we cannot reverse the trial court's ruling on the general demurrer to the amended petition as a whole.

Was the demurrer on the ground of misjoinder of causes of action properly overruled? Appellant concedes the causes of action of the landowners and their agricultural tenant were properly joined in the third count. As previously indicated, that count pertained to damages to a growing crop in which all appellees had an interest. The oil and gas lease contract provided appellant should pay for damages to growing crops on the land caused by its operations.

What about the joinder of counts one and two with each other and with count three? A tenant has a possessory interest in land which ordinarily entitles him to its use. The extent of its use is determined by the terms of his lease and may be subject to prior existing contracts of others pertaining to its use but he has an interest in its use. A landowner has a reversionary interest in the land. His rights in and to his interest likewise may be modified by agreements made with others pertaining to the use of the land. Although the interests of a landowner and an agricultural tenant are distinct, the same act, or acts, of another may cause actionable damage to the interest of both the landowner and his tenant. See annotation 12 ALR 2d 1194-1195. Where land is rented on a crop-sharing basis the landlord and tenant are in a sense tenants in common of the crop until a division thereof is made. (*Sayers v. Railway Co.*, 82 Kan. 123, 170 Pac. 641.) Under such a lease it appears the landlord and tenant have an interest in maintaining the land in a condition which permits cultivation but it is possible such interest may be modified or limited by a prior contract between the landowner and another. If there has been an unauthorized or wrongful act which causes damages to the interests of a landowner and his tenant each has a cause of action but each may recover only the damage to his own interest. (*Sayers v. Railway Co.*, supra.) In 51 CJS, Landlord and Tenant, § 355, it is said:

"In an action by the tenant against a third person for damages for trespass upon the leased property, or for injury to his crops, it is not necessary to make the landlord a party thereto. However, he should be made a party to the tenant's action for a wrongful invasion of the property involving an injury to both the possession and the inheritance." (p. 1047.)

In the instant case we need not determine whether all appellees

are necessary parties plaintiff. It is sufficient to say the landowners and tenant properly may be joined as plaintiffs.

The statute, however, does not make misjoinder of parties a ground for demurrer. It does make misjoinder of causes of action a ground for demurrer. (G. S. 1949, 60-705; 4 Hatcher's Kansas Digest, [rev. ed.], Pleadings, § 167.) Were the three counts improperly joined? Nothing further need be said concerning the third count. The second cause of action is for damages resulting from loss of use of the land for the period alleged. All appellees have an interest in its use for production where the agricultural lease, as here, is on a crop-sharing basis. The first cause of action is for recovery of money appellees claim they were required to expend to make the land usable for agricultural purposes.

Appellant contends the landowners are the only appellees who had a contract, or contracts, with appellant, which were the oil and gas lease and the supplemental contract described in the petition; that the agricultural tenant had no contract with appellant and cannot join in an action with the landlords on counts one and two, citing *Cole v. Thacker*, 158 Kan. 242, 146 P. 2d 665. Appellant further asserts an action by one party plaintiff on a contract may not be joined with an action by another on tort. These are interesting contentions but we need not pursue either of them.

Appellees insist they are not suing on tort but are all suing on contract. They contend they are relying on the contractual relationship arising from the original oil and gas lease, the supplemental contract extending the time for removal of remaining fixtures and equipment and on an implied obligation that appellant would not negligently injure the property. The record discloses that, in response to the court's inquiry, appellees made the following declaration with respect to the theory on which they were prosecuting this action. It was:

". . . the plaintiffs are not proceeding on a tort theory but rather are proceeding on a contract theory."

We must, and do, assume the court ruled on the demurrer for improper joinder of causes of action in view of appellees' positive declaration they were all proceeding on the theory of contract. Furthermore, it must be remembered it is not the function of a demurrer, based on the ground of misjoinder of causes of action, to test the sufficiency of the separate counts to state a cause of action in favor of each plaintiff. That is the function of a general demurrer

to the separate counts of the petition. Whether the various counts of the petition state a cause of action on contract for the landowners and tenant must be determined originally by the trial court and not by this court. We, therefore, express no views on that subject. On the theory all appellees are relying on the same contracts we think the demurrer on the ground of misjoinder of causes of action was properly overruled. (G. S. 1949, 60-601, and cases cited thereunder.) Appellant cites no authority to the contrary and our research has disclosed none.

It follows the rulings of the trial court on both grounds of the demurrer must be affirmed. It is so ordered.