No. 39,652

RAY and MARIE SMITH, *Appellants,* v. CLAUD B. and LOTTIE E. HARRIS, *Appellees.*

(284 P. 2d 611)

Opinion filed June 11, 1955.

*Herbert L. Lodge,* of Olathe, argued the cause, and *Howard E. Payne,* of Olathe, and *Seth S. Lacy,* of Kansas City, Missouri, were with him on the brief for the appellants.

*John Anderson, Jr.,* of Olathe, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action to enjoin the defendants from preventing use of a driveway by plaintiffs. The trial court denied the relief sought and the plaintiffs appeal, specifying as errors the overruling of their demurrer to a part of the defendants' answer and the sustaining of defendants' motion for judgment on the pleadings.

In view of our conclusions later stated, it is not necessary that a detailed review be made of the pleadings.

In the first five paragraphs of their petition, plaintiffs allege the status of the parties and that they acquired title to a tract of real estate, hereafter called tract A, in 1949, and that defendants acquired title to a tract immediately to the east, hereafter called tract B, in 1931. In paragraphs 6, 7, 8, 9, and 10 plaintiffs alleged that on September 17, 1928, the then owners of the two tracts entered into a driveway agreement, a copy of which was attached, and that the agreement was filed for record in the office of the register of deeds on September 19, 1928, and that the agreement contained stated provisions. For present purposes it may be said that the then owners of tract B granted to the then owners of tract A, an easement on a strip of land in tract B lying slightly east of the dividing line between the tracts for the use of the owners of tract A as a joint driveway for pleasure vehicles only, and that neither party should so use the driveway as to prevent its use by the other. Other rights need no present attention. In paragraphs 11 to 17 plaintiffs alleged the driveway was to furnish access to and exit from the residences on the two tracts; that shortly after plaintiffs acquired tract A, defendants prevented use of the driveway by blocking it by keeping motor cars upon it at all hours of the day and night and refused plaintiffs' requests to leave the driveway open for use by the plaintiffs, and that such conduct damaged plaintiffs; that the acts of the defendants were unlawful; and that plaintiffs had no remedy at law.

Defendants filed an answer consisting of two counts and also a cross petition. In count 1, defendants admitted the first five allegations of the petition and also that the agreement for the easement had been made and filed for record; they denied the agreement was still in force and alleged it had been terminated, and denied all of the allegations of paragraphs 11 to 17 of the petition inconsistent with their answer and they then set forth at length various con-

veyances of tract A; that on June 7, 1927, the then owner had mortgaged tract A; that the mortgage had been foreclosed, and that as a result of the foreclosure the driveway agreement and the provisions thereof were broken and rendered nugatory. Count 2 adopted the allegations of count 1, and after reciting conclusions as to the effect of the foreclosure proceedings, alleged that they had occupied tract B exclusive of any driveway easement; that the former owners of tract A did not claim any right under the alleged easement but did acknowledge they had no interest, and further that defendants had been in adverse exclusive possession of tract B for more than fifteen years claiming title thereto against all persons and that plaintiffs had no right or interest in and to tract B under the alleged easement or otherwise. Their prayer was that injunctive relief be denied. In their cross petition they adopted the allegations of their answer, alleged they had been damaged by being required to retain counsel to defend in the amount of $500 for which they prayed judgment.

The plaintiffs filed a reply which denied specifically and generally all allegations of new matter in the answer contrary to or inconsistent with the allegations of their petition, demurred to count 1 of the answer for the reason the facts alleged constituted no defense, and for an answer to defendants' cross petition denied generally and specifically the allegations thereof and they demurred to the allegations of the cross petition as not alleging facts sufficient to constitute a cause of action.

The trial court after a hearing thereon overruled the demurrer to the defendants' answer and cross petition and gave the parties time to plead further if they desired. Thereupon the defendants moved for judgment on the pleadings, and after a hearing, the trial court sustained the motion and ordered that plaintiffs be denied relief and that defendants have judgment.

In due time plaintiffs perfected their appeal from the ruling on their demurrer and from the ruling on defendants' motion for judgment, and both rulings are specified as error.

We first take note of the appellees' contention that the specifications of error are insufficient in that they merely say that the trial court erred in rendering judgment, and that under our decisions in *Lumber Co. v. Smith*, 84 Kan. 190, 114 Pac. 372; *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196; *Lambeth v. Bogart*, 155 Kan. 413, 125 P. 2d 377; and *Moeller v. Moeller*, 175 Kan. 848, 267 P. 2d 536, nothing is presented for our review. It is true that in the last cited

case it was said, in effect, that a specification of error that the trial court erred in overruling a demurrer did not state any legal question for review. In support only *Lambeth v. Bogart,* supra, was cited. Reference to the last opinion will disclose there was no specification of errors whatsoever. Notwithstanding the statement the specification was insufficient the court considered the question of the correctness of the ruling. The two other cases dealt with situations where the specification was only that the trial court erred in rendering judgment. In *Quivira, Inc. v. Quivira Co., Inc.* 173 Kan. 339, 245 P. 2d 972, it was said:

". . . We are not aware of any case where we have held that a specification of error that a trial court erred in ruling on a demurrer was insufficient, and we shall not do so now or hold the appeal should be dismissed on the ground just mentioned."

Although not reflected in our opinions, probably because the question was not raised, the fact is that in many cases where the sufficiency of a demurrer either to pleadings or to evidence was involved, the specification made was only that the trial court erred in its ruling and this court considered the appeal. At the May sitting of this court five appeals other than the one at bar were heard in which the ruling on a demurrer was involved where the specification was only that the trial court erred in its ruling, and in three of those appeals that was the only specification of error. We think it would come as a shock to the bar of this state to say that the specification of error in such a case must include the reasons why error was claimed, that is the function of the brief.

What is said concerning rulings on a demurrer is applicable to the ruling on the motion for judgment. The appeal was specifically from the ruling on the motion and in our opinion the specification of error sufficiently pointed out more than a mere complaint the judgment was wrong. The appeal will be considered.

The first question is whether the trial court erred in overruling the appellants' demurrer to count 1 of appellees' answer. As has been pointed out, the ground of the demurrer was that the facts alleged constituted no defense. As has been stated above, count 1 of the answer did allege a series of mortgages and a foreclosure thereof and of deeds and that thereby the driveway agreement was rendered nugatory, but it also contained a denial that the agreement was in force and effect as pleaded in the petition, an allegation the agreement had been terminated and a general denial of the allega-

tions of paragraphs 11 to 17 of the petition. A general demurrer to an answer containing more than one defense should be overruled if any defense, by itself, states facts which would defeat the plaintiff's right to recover. See *Edwards v. Solar Oil Corp.*, 177 Kan. 219, 222, 277 P. 2d 614, and cases cited. Appellants overlook the denials in the answer and argue that the foreclosure did not abrogate the agreement. We shall not discuss that feature. It is clear that the demurrer was not good as to the denials and that the trial court properly overruled it.

We are of the opinion the trial court erred in sustaining the appellees' motion for judgment on the pleadings. Without repetition of its allegations, it is here sufficient to say that the petition stated a cause of action based on the theory appellants had rights in appellees' real estate by reason of the driveway agreement or easement. In any ruling on their motion the appellees were not entitled to have considered any denials they may have set forth or the new matter alleged in their answer which had been specifically and generally denied in appellants' reply. See e. g., *Schlemeyer v. Mellencamp*, 159 Kan. 544, 156 P. 2d 879; *Simmons v. Gill*, 161 Kan. 123, 166 P. 2d 574; *Artesian Valley Water Conservation Assn. v. Division of Water Resources*, 174 Kan. 212, 255 P. 2d 1015; *Drury v. State Highway Commission*, 175 Kan. 667, 265 P. 2d 1022, and cases cited in each.

Measured by the above rule the appellees were not entitled to judgment and their motion should not have been sustained.

The ruling of the trial court on the appellants' demurrer to a portion of the appellees' answer, as noted above, is sustained. The ruling of the trial court sustaining the appellees' motion for judgment is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.