No. 41,383

CECILE CAPPS, *Appellee*, v. WILLIAM L. VALK, *Appellant*.

(339 P. 2d 62)

Opinion filed May 16, 1959.

*John J. Alder*, of Kansas City argued the cause, and *H. S. Roberts*, of Kansas City, was with him on the briefs for the appellant.

*Harold E. Gregg*, of Independence, argued the cause, and *Walter Fuller, Jr.*, of Kansas City, was with him on the brief for the appellee.

The opinion of the court was delivered by

JACKSON, J.: This is an action for malpractice by the appellee against the appellant. The appellant physician is appealing from an order of the district court overruling his demurrer to the second amended petition of the appellee.

In the petition now under discussion, there are three causes of action. In the first cause, appellee alleges that appellant negligently left a drain tube in her body after an operation. In the second cause of action, appellee alleges that appellant negligently failed to remove certain kidney stones, the removal of which was the object of the operation. In her third cause of action, appellee sues on behalf of her husband for the loss of her own services, all in accord with the provisions of G. S. 1949, 23-205.

It is probable that the reason for the splitting of the first two causes of action instead of including them in one cause as they were first alleged in plaintiff's original petition is due to the motions of small import filed by appellant seeking to strike and make definite and certain, some of which were sustained in part by the trial court in exercise of its discretion. The code of civil procedure states the basis of such motions in G. S. 1949, 60-741.

Appellant's demurrer to the petition reads as follows:

"Comes now defendant and demurs to the Second Amended Petition of plaintiff for the reason that said petition fails to state sufficient facts to constitute a cause of action on which relief can be granted in favor of plaintiff and against defendant, and for the further reasons *that said petition follows no definite theory, but constitutes a confusion of theories,* and that said petition

was filed after the statute of limitations had run or expired, and therefore is out of time, and that said petition constitutes a departure under the law and is therefore fatally defective." (Italics supplied.)

It will be noted first that as drawn the demurrer attacks the petition as a whole. Therefore, if any of the three individual causes of action are sufficient, the trial court was correct in overruling the demurrer (*Allen County State Bauk v. Wilson,* 140 Kan. 577, 579, 37 P. 2d 1002.)

It will also be noted that the second ground specified in the demurrer and which is italicized above does not constitute a ground of demurrer (G. S. 1949, 60-705.) We fail to perceive any ground for believing the learned trial judge erred in overruling the above demurrer even if it were to be considered as filed against the causes of action separately. Of course, plaintiff will have to prove her allegations at the trial of the case. It is noted that the action was begun on October 22, 1957, and as yet, as far as our record indicates, no answer has been filed.

No error having been made to appear, the order of the trial court overruling appellant's demurrer should be affirmed. It is so ordered.