No. 41,480

RONALD McCURTAIN and EARL GRIMES, Guardian of the Estate of JERRY EVAN McCURTAIN, an insane person, *Appellants*, v. LILY ANN HINSON and CHARLES H. HINSON, *Appellees*.

(341 P. 2d 1014)

Opinion filed July 10, 1959.

*Carol V. Creitz*, of Wichita, argued the cause, and *Ora D. McClellan* and *Dan J. Skubitz*, both of Wichita, were with her on the briefs for the appellants.

*Gerald Sawatzky*, of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm*

*Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris, Anthony T. Dealy, Donald L. Cordes* and *Robert L. Howard,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action for specific performance of an oral contract, or, in the alternative, for damages. Plaintiffs appeal from an order sustaining a general demurrer to their amended petition.

On August 18, 1956, Floyd A. Howard and Dorothea Earlene Howard, husband and wife, met simultaneous death in an airplane crash. Each died intestate.

Floyd was survived by Lily Ann Hinson, a daughter by a previous marriage, as his only heir-at-law.

Dorothea was survived by Ronald McCurtain and Jerry Evan McCurtain, sons by a previous marriage, as her only heirs-at-law.

Plaintiffs in this action are Ronald and the guardian of Jerry, who was subsequently adjudged to be insane.

Defendants are Lily and her husband, Charles H. Hinson.

The action was commenced on August 28, 1958, and the amended petition was filed on October 20, 1958. It contains two causes of action.

The first cause of action, after alleging the identity of the parties as heretofore related, alleges that upon learning of the death of their respective parents, Ronald, the son of Dorothea, acting for himself and on behalf of his brother Jerry, who at the time had not been adjudged insane, met with Lily, the daughter of Floyd, at a bank in Wichita. Probate proceedings had not yet been commenced in either estate. At this meeting an oral contract was entered into between the parties, whereby, in consideration of a forbearance on the part of all to bring legal proceedings to determine any controversy over the distribution of the estates of Floyd and Dorothea, and to save the expense, time and effort of same, and to settle all controversies, it was agreed by and between the parties that the estates of Floyd and Dorothea would be administered and that upon completion of such probate proceedings Lily would have an undivided one-half interest in the assets of each estate, and that Ronald and Jerry each would have an undivided one-fourth interest in the assets of each estate, such assets to include any proceeds of insurance policies upon the life or lives of their respective parents.

The first cause of action further alleges that in accordance with

the terms of such agreement, and with the knowledge and consent of the parties, administration was had on the estates of Floyd and Dorothea in the probate court of Sedgwick county; that her estate was settled and closed on October 30, 1957; that his estate was settled and closed on December 13, 1957, and that her estate possessed no assets for distribution. It is further alleged that the assets of Floyd's estate for distribution consisted of real estate in the city of Wichita of the value of $11,000, together with personal property in the amount of $20,449.59, and the proceeds of insurance policies, the number and amount of which are unknown to plaintiffs. It is further alleged that plaintiffs have fully and completely performed all of the conditions of the oral contract on their part and have tendered to Lily, the defendant, one-half of the proceeds of two insurance policies upon the life of Dorothea in the amount of $1,000 each; that such tender was refused by her, and that she has refused plaintiffs' demand for performance of the contract. The prayer seeks specific performance thereof and that Lily be compelled to convey to Ronald and his brother Jerry an undivided one-fourth interest each in the property of the estate of Lily's father, Floyd.

For their second cause of action plaintiffs incorporate all of the allegations of the first cause of action and pray that in the event specific performance of the oral contract be refused that plaintiffs have and recover damages for the breach of the contract in the amount of $15,724.80, being one-half of the value of Floyd's estate for distribution; the sum of $5,000, or one-half of the insurance proceeds on Floyd's life, or a total sum of $20,724.80.

Lily and her husband, codefendant, filed a demurrer to the amended petition "for the reason that the same fails to state facts sufficient to constitute a cause of action against the defendants and affirmatively shows that no cause of action exists."

This demurrer was sustained and plaintiffs have appealed.

From the manner in which the appeal is treated it is confusing as to just what was the basis of the trial court's ruling. Plaintiffs say that defendants' demurrer to the amended petition was on the ground that the district court did not have jurisdiction of the subject matter of the action, and that that is the sole question presented in the appeal.

We do not so read the demurrer, quoted above. The most that can be said for it is that it raises the question whether sufficient facts are alleged to constitute a cause of action and whether a cause

of action exists, all of which, for present purposes, mean the same thing.

G. S. 1949, 60-705, lists five grounds of demurrer in cases where the claimed defect appears on the face of the petition.

G. S. 1949, 60-706, provides that a demurrer to a petition shall specify distinctly the grounds of objection, and unless it does so it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action.

G. S. 1949, 60-707, provides that when any of the defects enumerated in 60-705 do not appear upon the face of the petition the objection may be taken by answer, and if no objection be taken either by demurrer or answer the defendant shall be deemed to have waived the same except only the objection to the jurisdiction of the court, and that the petition does not state facts sufficient to constitute a cause of action.

In their brief defendants make four contentions, apparently on the assumption that each is distinctly (60-706) specified by their general demurrer.

The first is that the alleged "family settlement" affected the division of assets in the two estates, thus requiring that the contract be enforced, if at all, in the probate court. In other words, it is claimed that the district court had no jurisdiction of the subject matter of the action.

The second contention is that the alleged oral contract does not bind defendants because the incompetent plaintiff (Jerry) was never bound, and that the bringing of this action by his guardian did not and could not constitute a ratification.

The third contention is that the amended petition fails to allege facts constituting a consideration for the alleged contract.

The fourth contention is that the alleged oral contract concerns real estate in violation of the statute of frauds, and that there is no such part performance alleged as to take it out of the statute.

With respect to the second contention, defendants rely upon certain statements made by counsel to the effect that at the time the alleged contract was made Jerry was in fact incompetent and insane, and we are referred to decisions holding that admissions of counsel of record made during the trial bind their clients in all matters relating to the progress of a case. One trouble with this argument is that here we are concerned with a demurrer to the amended petition, and under the statute a demurrer lies only when

the claimed defect appears on the face of the pleading attacked. Furthermore, in ruling on a general demurrer to a petition a court is not justified in reaching out and making additional facts a part of the petition. (*Lee v. Beuttel,* 170 Kan. 54, 223 P. 2d 692; *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194, and *Wahl v. Walsh,* 177 Kan. 176, 277 P. 2d 623.) The amended petition alleges that at the time the alleged agreement was entered into Jerry had not been adjudged insane. If defendants' contention has to do with the legal capacity of either plaintiff, or both, to bring the action, they should have so specified distinctly in their demurrer.

With respect to the fourth contention, which injects the question of the statute of frauds, we call attention to the fact the amended petition contains two causes of action. Assuming, without deciding, this contention is good as to the first cause of action seeking specific performance, the fact remains that the demurrer was levelled at the petition in its entirety. The rule is that every count or separate cause of action in a pleading must, as against a demurrer, stand or fall upon its own averments, and a general demurrer to a petition as a whole is properly overruled if any separate count therein states a cause of action. (*Allen County State Bank v. Wilson,* 140 Kan. 577, 579, 37 P. 2d 1002; *Edwards v. Solar Oil Corp.,* 177 Kan. 219, 222, 277 P. 2d 614, and *Capps v. Valk,* 184 Kan. 796, 797, 339 P. 2d 62.) The second cause of action in the amended petition, which is for damages in the event specific performance be denied, is sufficient to withstand any contention with respect to the statute of frauds.

Notwithstanding the record is confusing as to the basis of the trial court's ruling on this demurrer, we nevertheless discuss briefly the contentions that the district court lacked jurisdiction of the subject matter and that the amended petition fails to state a cause of action.

The allegations of the amended petition have been summarized and will not be repeated in detail. It is alleged the agreement was entered into prior to the commencement of administration on the estate of either decedent, and that in consideration of a forbearance on the part of all parties to bring legal proceedings to determine any controversy over the distribution of the assets of decedents it was agreed that upon the completion of probate proceedings the daughter of Floyd would have an undivided one-half interest in the assets of each estate, and that each of the sons of

Dorothea would have an undivided one-fourth interest in the assets of each estate, and that plaintiff sons had fully complied with the agreement but that defendant daughter had 'failed and refused to carry it out. We do not interpret the contract as pleaded as providing for a division of estate assets in a manner different from that provided by law, insofar as any order of final settlement in the probate court is concerned—rather we interpret it as an agreement between two sets of heirs for a division of assets among the parties after administration on the estate of each decedent was completed. We think, therefore, the amended petition alleged facts sufficient to constitute a cause of action and that the district court had jurisdiction of the subject matter of the action.

From what has been said it follows that the demurrer was erroneously sustained and the judgment is reversed.